Cox *v.* Pruitt.

*J. & A. B. Collins*, for appellants.

———⁂———

### Cox *v.* Pruitt.

Reversal of Judgment.—Practice.—The reversal of a cause by the Supreme Court vacates the judgment of the court below *ex vi termini*, without any action of the lower court. On the filing of the certified opinion of the Supreme Court in the clerk's office of the court below, it is the duty of that court to proceed with the cause from the point reached by the reversal.

Change of Venue.—A change of venue having been ordered from one county to another, the clerk, in transmitting the papers, failed to send a transcript of the affidavit and order of change.

*Held*, that if the court to which the change was taken had jurisdiction of the subject matter, an appearance to the action in that court was a waiver of the objection.

Seduction—Evidence of Character.—On the trial of an action for seduction, the defendant offered evidence of good moral character, and, the plaintiff having declared that he did not intend to offer any evidence to impeach the defendant's character, the court refused to allow more than three witnesses to testify on that subject for the defendant.

*Held*, that the court was guilty of no abuse of discretion, even if evidence of character had been competent.

Sham Defense.—It is not error for the court to refuse leave to file an answer setting up a sham defense.

APPEAL from the *Hendricks* Circuit Court.

Gregory, J.—This case is in this court the second time,

Cox *v.* Pruitt.

21 Ind. 15, and is a suit by the appellee against the appellant for the seduction of a daughter. Answer, general denial. The action was originally commenced in the *Hendricks* Circuit Court. On the application of the defendant the venue was changed to the *Marion* Circuit Court, where the cause was tried. Verdict and judgment for defendant. The case was appealed to this court, where the judgment was reversed. The opinion was certified back to the *Marion* Circuit Court, and filed by the clerk of that court with the papers of the cause. There was no motion made in that court to have the opinion entered on the records thereof, but the court treated the judgment as having been reversed, and proceeded with the cause. On the application of the plaintiff, the venue was changed from the judge of that court, on account of alleged prejudice, and a time in vacation was fixed for the trial, and Judge CLAYPOOL, of another circuit, was appointed to try the case. On the day set for trial the parties appeared, and by agreement the case was continued to a day fixed. At the time to which the case was adjourned, the parties appeared, and upon motion and by agreement of the parties, and for good cause shown and admitted, it was ordered that the venue be changed to the county of *Hendricks.* At a regular term of the *Hendricks* Circuit Court the parties appeared, and by agreement the cause was set down for trial on the 25th of *October,* 1864, and the court appointed Judge PERKINS, then one of the judges of this court, to hear the same.

At the time set, Judge PERKINS attended and called the case for trial. The defendant moved the court to dismiss, on the ground that Judge PERKINS had no legal authority to try the cause. The motion was overruled. The defendant then moved the court to continue the case to the regular term of the *Hendricks* Circuit Court, on the ground that that court had no jurisdiction of the cause, the same having been once changed to *Marion* county, and never having been legally returned to *Hendricks,* as was claimed by the defendant. This motion was overruled. The defendant again

moved to dismiss the case, on the ground that the record of the cause showed that the same had been once tried, and a verdict and judgment rendered for the defendant, which judgment had never been appealed from, reversed or set aside, so far as the records of the *Marion* and *Hendricks* Circuit Courts showed, nor had any new trial been granted. This motion was also overruled. The defendant then moved for leave to file an additional answer, setting up a former trial of the cause, and a verdict and judgment for defendant, which it was alleged had never been reversed or set aside. This motion was made after the jurors had been placed in their box by the sheriff. The court refused to grant the leave. When the jury had been called into the box, at the request of the plaintiff, there being none of the regular panel of jurors in attendance, the defendant challenged the array, because none of them were of the regular panel, but were impanneled from the bystanders. The court overruled the challenge.

During the progress of the trial, the defendant offered witnesses to prove his general character for truth. The testimony was objected to, and ruled out, on the ground that his character had not been attacked. The defendant offered several witnesses to sustain his *moral* character, but the court confined the examination on this subject to three witnesses, the plaintiff having stated that he should offer no evidence impeaching that character.

On a suggestion by the appellee of diminution, a *certiorari* was issued, and a transcript was returned to this court by the clerk of the *Hendricks* Circuit Court, in which are copied, at the proper place, the affidavit of the plaintiff for a change of venue from the Judge of the *Marion* Circuit Court, and the order made thereon, setting the case for trial in vacation, and appointing Judge CLAYPOOL to try the same. On the margin of the transcript there is a statement that " this was filed and attached to the transcript from the *Marion* Circuit Court, on the 7th day of *December*, 1864, by plaintiff's attorney." It no otherwise appears that the affidavit for a change

of venue, and the order made thereon, are not a part of the certified transcript of the proceedings of the *Marion,* filed in the *Hendricks,* Circuit Court.

There was a trial by the jury impanneled, as stated in this opinion; verdict for the plaintiff; motion for a new trial overruled, and judgment. There is a motion made in this court to strike out the affidavit for a change of venue from the Judge of the *Marion* Circuit Court, and the order made thereon, on the ground that they are not properly a part of the record. ●

There are eleven errors assigned. It is claimed that the court below had no jurisdiction to proceed in the cause until the opinion of the Supreme Court reversing the judgment was entered upon the order book of the Circuit Court, and an order made setting aside its proceedings, in accordance with the direction of this court. There is nothing in this objection. The code provides that "the Supreme Court may reverse or affirm the judgment below, in whole or in part, and remand the cause to the court below; but the court shall not reverse the proceedings any further than to include the first error." ~ 2 G. & H., § 569, p. 276. The reversal by this court, *ex vi termini,* vacates the judgment of the court below, without any action of that court. On the filing of the certified opinion of this court in the clerk's office of the Circuit Court, it was the duty of that court to proceed with the cause from the point reached by the judgment of reversal. That court having done its duty, although in an informal manner, committed no error in taking jurisdiction of the cause.

It is urged that the *Hendricks* Circuit Court erred in taking jurisdiction of the cause, no change of venue having been granted or ordered from the *Marion* Circuit Court by proper authority. This objection has its foundation in the fact that at the time the *Hendricks* Circuit Court proceeded to final judgment, the affidavit of *Pruitt* for a change of venue, and the order made thereon, were not in the certified transcript returned from the *Marion* to the *Hendricks* Circuit

Court. The latter court had jurisdiction of the subject matter, and the appearance and agreement of the defendant to set the cause for trial in vacation gave that court jurisdiction of the person of the defendant, and he cannot complain. We have treated the case as though the affidavit of *Pruitt* for a change of venue, and the order made thereon, were not a part of the record. The correct practice required the appellee to procure an order of the *Hendricks* Circuit Court directing the clerk of the *Marion* Circuit Court to certify a corrected transcript of the proceedings of the latter to the former court. This it seems was not done. We are not prepared, however, to say that the statement of the clerk on the margin of the transcript is the proper method to bring the facts to the attention of this court. The clerk in his return to the *certiorari* should have returned the facts, and ought not to have placed the papers furnished him by the plaintiff's attorney in the transcript of the record, when they had not been on file in his office.

It is claimed that the court erred in rejecting the evidence offered by the defendant, that he was a man of truth. This question was settled in the previous decision of this court *in this case*, and it is *res adjudicata*, and if erroneous could have been reached only by a petition for a rehearing, filed within the time limited by the rules of practice of this court. But, if an open question, how stands the matter. The plaintiff introduced his daughter to prove the seduction complained of; the defendant offered himself as a witness to *contradict her*, and then asks to back up his own character for truth by proving his general reputation. The statement of the facts is the best refutation of the appellant's proposition. We cannot say that the court below abused the exercise of its discretion in limiting the defendant to three witnesses in the proof of *moral* character, in the face of the declaration of the plaintiff that he did not intend to introduce any evidence to impeach that character. And, indeed, we do not see how the moral character of the defendant had anything to do with the case. The court below committed

no error in refusing leave to the defendant to file an additional answer. The certified opinion of this court was on file with the papers of the cause. The court had the evidence before it that the answer offered was a *sham defense*, and the mere refusal to allow the pleading to be filed was, to say the least, as mild treatment as the defendant was entitled to, under the well known rules relating to *sham pleading.*

The challenge to the array is answered by the act of *March* 5, 1859. 2 G. & H., § 1, p. 32.

The court below committed no error in overruling the motion for a new trial. The evidence is not of such a character as to warrant this court in setting aside the judgment and awarding a new trial.

For the reasons stated in this opinion, the court below committed no error in refusing to arrest the judgment.

The judgment is affirmed, with costs.

*S. Blair* and *L. M. Campbell*, for appellant.

*C. C. Nave*, for appellee.