69 51
23a 51
23a 484
69 51
160 498
50a 405

## Roswell Bills *et al.*

### *v.*

### Matthew Stanton.

1. Pleading—*carrying demurrer back.* Where a demurrer has been interposed to a declaration and overruled as to one count, and the plaintiff amends the other counts, and the defendant pleads, a demurrer to the pleas can not be carried back to the declaration.

2. Where a declaration contains one good count, it being sufficient on general demurrer, a general demurrer to pleas can not be carried back to the declaration.

3. Appeal bond—*blanks in as to date, etc.* It is no objection to the validity of an appeal bond, that it bears date the blank day of a certain month named, and recites a judgment recovered on a blank day of the previous month, in case of an appeal to the Supreme Court. It is nevertheless a voluntary undertaking and obligatory.

4. EXECUTION—*of bond by a corporation.* Where it is recited in the body of an appeal bond, given on appeal by an insurance company, that the company by its corporate name had entered into the obligation, and it is signed by its president and secretary, and sealed with its corporate seal, it will be a sufficient execution of the bond in the name of the company.

5. SERVICE—*on agent of corporation.* Where the president of an insurance company does not reside in the county where suit is brought against the company, the statute authorizes service to be made upon an agent of the company resident in the county.

6. SAME—*defective service cured by appearance.* Where a defendant appears in a cause, and moves the court to rule the plaintiff to file a more specific bill of particulars and demurs to the declaration, this will cure any defect in the service of process on such defendant, and the subsequent granting of leave to withdraw the appearance, which is, however, not done, will not change the rule.

7. SUPREME COURT—*may enter judgment in vacation.* Where a cause was submitted to this court, at the September term, 1870, and taken under advisement, and the judgment of affirmance was not entered until the 22d day of January, 1872, it was *held,* that the judgment was properly described in the declaration in a suit upon an appeal bond as of the date it was in fact entered, as this court is authorized to enter judgments, etc., in vacation.

8. NEW TRIAL—*motion for, necessary where the trial is before the court alone.* It is the settled rule of practice not to reverse a judgment for insufficiency of evidence, unless that question is first made in the court below on a motion for a new trial, and the rule is the same in this respect when the cause is tried by the court without a jury.

APPEAL from the Circuit Court of Peoria county.

. This was an action of debt, brought by Matthew Stanton for the use of Henry W. McClàllen, against the Illinois Mutual Life Insurance Company, Roswell Bills and David McKinney, upon an appeal bond. The opinion of the court presents a sufficient statement of the facts. Bills and McKinney appealed from the judgment below.

Messrs. COOPER & LAPHAM, for the appellants.

Messrs. McCULLOCH & STEVENS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The objections taken to the judgment in this case, are all of the most technical character. The action was brought on an appeal bond against the "Illinois Mutual Fire Insurance Company," and appellants, who were sureties for the company. In the second count of the declaration the bond is set out *in hæc verba.* It bears date the blank day of June, 1869, and recites a judgment obtained on the blank day of May, 1869. The original declaration contained three counts, to which a demurrer was interposed by all the defendants, and was sustained by the court as to the first and second counts, and overruled as to the third count. The declaration was then amended, and appellants then filed their several pleas : 1st, *nil debet ;* 2d, *non est factum ;* 3d, *nul tiel record* as to the supposed recovery in the circuit court ; and 4th, a like plea as to the recovery in the Supreme Court. A demurrer was sustained to the first and third pleas, and issue joined on the second and fourth pleas.

It is conceded that the first and third pleas were bad, but it is insisted the demurrer should have been carried back to the declaration. It is not perceived how this could be done. A demurrer had been previously overruled as to one count of the declaration, and if this demurrer could be carried back, it would simply be to ask the court to reconsider its former judgment, holding that count good. This could not be done. The demurrer interposed to the several pleas was general, and it is a familiar rule in pleading, if there is one good count in the declaration, it will be sufficient on general demurrer. It is not necessary, therefore, to consider the objections taken to the declaration.

It is certainly no objection to the validity of the bond that it bears date the blank day of a certain month named, and recites a judgment recovered on a blank day of the month. It is, nevertheless, the voluntary bond of appellants, and is obligatory on them. On its face it purports to have been

executed in June, 1869, and recites a judgment recovered in May of that year.

It is urged it is not the bond of the company. In the body of the bond it is recited that the company, by its corporate name, entered into the obligation, and it is signed by its president and secretary, and sealed with its corporate seal. No reason is perceived why this is not a sufficient execution of the bond in the name of the company.

It is suggested there is a variance between the proof offered and the declaration. This objection certainly can not be maintained as to the second count. The bond is there set out *in hæc verba,* and when it is offered in evidence, it is found to correspond exactly, and there was no variance.

It is urged there was no service on the company, and therefore the default taken was irregular. The record, however, shows service, but it is insisted it is not sufficient to give the court jurisdiction. The president of the company did not reside in the county where the action was commenced, and service was made on the resident agents in accordance with the provisions of the statute. Gross' Stat. p. 509, sec. 6.

But if the service was defective, there was an appearance of the company, as shown by the record, and this would cover any defect there might be in the service. It appeared by counsel and moved the court for a rule on the plaintiff to file a more specific bill of particulars, and also interposed a demurrer to the declaration, which was sustained in part. Subsequently counsel asked and obtained leave to withdraw their appearance for the company, but the appearance of the company itself was not withdrawn. The company having appeared, and such appearance never having been withdrawn, the default was regular, whether there was service or not in the first instance.

Again, it is urged the judgment in the Supreme Court was improperly described in the declaration. The cause was submitted for decision at the September term, 1870, and taken under advisement. The judgment was not in fact entered

until the 22d day of January, 1872. This was in accordance with the provisions of the statute which gives the Supreme Court power and authority to enter orders and judgments in vacation in any of the grand divisions of the State, in all cases which have been argued or submitted at any term and taken under advisement. Gross' Stat. p. 159, sec. 14. Hence the judgment was correctly described as of the date it was in fact entered.

It is claimed, as a ground of reversal, the judgment is for too large a sum by five or six dollars. The cause was submitted to the court for trial without the intervention of a jury, but this fact does not dispense with the necessity for a motion for a new trial, if the appellants desired to have the judgment reversed in this court on the ground it is not sustained by the evidence. It is the settled rule of practice not to reverse a judgment for insufficiency of evidence unless that question was made in the court below on a motion for a new trial. *Smith* v. *Gillett,* 50 Ill. 290. No motion. having been made, we have not considered the question raised.

Without remarking severally upon all the objections taken, it is sufficient to say we have carefully considered all of them, and are satisfied there is no material error in the record that could affect the merits of the case, and the judgment is accordingly affirmed.                         *Judgment affirmed.*