Wells v. Tedrick.

## M. D. Wells et al. v. J. E. Tedrick, for use, etc.

1. ASSESSMENT OF DAMAGES—*Must be Made on Evidence.*—The unsworn statement of an attorney or the belief or supposition of a judge are not a sufficient basis for an assessment of damages.

2. BILLS OF EXCEPTIONS—*Copying Papers and Records not in Evidence.*—The fact that certain papers and a record are copied into a bill of exceptions is immaterial if the trial judge does not certify that they were in evidence or even before the court, but only that he supposed or believed that the attorney had the papers in his hands and that the record was present when the damages were assessed.

3. PRACTICE—*On the Reversal of a Judgment on Demurrers.*—A judgment was entered overruling a demurrer to pleas to the first count of a declaration and sustaining a demurrer to the second count. On appeal this judgment was reversed. *Held,* that the order of reversal expunged this judgment from the record and that it was not necessary for the trial court to set it aside, but that the pleas and demurrers remained on file and must be disposed of before a default could be entered.

Debt, on a replevin bond. Appeal from the Circuit Court of Effingham County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1896. Reversed and remanded with directions. Opinion filed March 3, 1897.

ASHCRAFT, GORDON & COX and JOHN A. BINGHAM, attorneys for appellants.

WRIGHT BROTHERS and E. N. RINEHART, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellee sued appellants in an action of debt on a certain replevin bond, and the court rendered a judgment by default in favor of appellee for $1,500 debt and $874.10 damages and for costs, the judgment to be discharged upon the payment of the damages and costs.

The declaration contained two counts. Appellants filed a large number of pleas to the first count, and demurred to the second. The court sustained a demurrer to all of the pleas which were not withdrawn, except the fourth and fifth, as to which the demurrer was overruled, and sustained the demurrer as to the second count of the declaration. Appellee elected to stand by his demurrer to the fourth and fifth pleas, and by the second count of the declaration, and the court rendered judgment against appellee for costs.

Appellee thereupon brought the record to this court by appeal, and the judgment was reversed and the cause remanded on the ground that the court erred in overruling the demurrer to the fourth and fifth pleas and in sustaining the demurrer to the second count of the declaration. 59 Ill. App. 657. The judgment of reversal, which is in evidence in the present record, is that the " judgment of the Circuit Court in this behalf rendered be reversed, annulled, set aside, and wholly for nothing esteemed." The remanding order is that " this cause be remanded for such other and further proceedings as to law and justice shall appertain."

The case was duly reinstated on the docket at the October term of the Circuit Court, 1895. On the first day of the March term thereafter, the court permitted appellants to be defaulted, without any further order as to the pleadings, and assessed appellee's damages and rendered judgment against appellants as hereinbefore stated.

We deem it proper to consider, first, whether or not the assessment of damages can be sustained under this record.

It is provided by Sec. 40 of the Practice Act that " in all suits in the courts of record in this State, upon default, when the damages are to be assessed, it shall be lawful for the court to hear the evidence and assess the damages without a jury for that purpose."

Upon default, the defendant may appear and defend as to the question of damages, and he may even demand a jury, in which case the refusal of the court to accede to his request would be error.    Pinkel v. Domestic Sewing Machine Co., 89 Ill. 277.

The record shows that appellee claimed as damages the value of certain goods taken under the replevin writ and not returned; that counsel for appellee, without being sworn, stated the amount of the damages, and that the court acted upon this statement; that the attorney held in his hands at the time certain papers, and pointed at a certain book, and that the court supposed that these were the papers and record in the replevin suit; and there was no formal offer of the papers or record as evidence, and that the same were not read by or to the court.

Appellants afterward made a motion to set aside the assessment of damages and for leave to plead, which motion was overruled.    An exception to this ruling was duly preserved.

The bill of exceptions states that the foregoing was all that occurred in the Circuit Court in anywise appertaining to the assessment of damages.

And so the record clearly shows that the damages were assessed by the attorney and not by the court.    The court did not hear evidence.    The unsworn statement of an attorney, or the belief or supposition of the judge, can not be regarded as a sufficient basis for the assessment of damages.

The fact that the papers and record in the replevin suit are copied into the bill of exceptions is immaterial, for the trial judge does not certify that these papers and this record were ever in evidence, or even before the court, but only that he supposed or believed that the attorney had the papers in his hands and that the record was present when the damages were computed.

There is another reason why the judgment in this case should be reversed.    The court should not have permitted appellants to be defaulted without sustaining the demurrer to the fourth and fifth pleas and overruling the demurrer to the second count of the declaration.

When this case was before us on the pleadings, the judgment of this court merely annulled and set aside the judgment of the Circuit Court.. The pleas and demurrers were not stricken from the files. They yet stood in the way of a default. This court did not assume to discharge the functions of the Circuit Court, but merely to tell the Circuit Court what to do. It remained for the Circuit Court to act in accordance with the opinion of this court, that is to say, to sustain the demurrer to the pleas and to overrule the demurrer to the second count, before proceeding to render judgment against appellants by default or otherwise. See Maggott v. Roberts, 112 N. C. 71, in which case the court uses the following language: "When this case was here on a former appeal, the court held that the court below should have sustained the demurrer to the third cause of action for failure to allege that the license to a person under eighteen years of age was issued ' knowingly and without reasonable inquiry.' When the case subsequently came up for trial below, the court excluded any evidence upon that cause of action upon the ground that it was *res judicata*.

"This was error. The court below, in accordance with the opinion here, should have reversed the former action of that court and have entered judgment sustaining the demurrer, and thereupon the plaintiff might have been permitted to amend by inserting those words."

And again, the court says: "There was no adjudication here beyond the ruling that there was error in not having sustained the demurrer below."

The cases cited in appellee's brief do not hold the contrary, as is supposed. These cases are Chickering v. Failes, 29 Ill. 294; Cable v. Ellis, 120 Id. 136; Palmer v. Woods, 149 Id. 146. The statements relied upon are found in the opinion in the first case, and are quoted in the opinions in the other two cases, and announce the doctrine that when a judgment or decree is reversed, the judgment or decree is entirely abrogated, " expunged from the record," and that the case stands in the trial court thereafter in the same condition as if no judgment or decree had ever been rendered.

The judgment of the Circuit Court in the case at bar was that the demurrer to the fourth and fifth pleas be overruled and the demurrer to the second count sustained.   The order of reversal expunged this judgment from the record, and it was not necessary for the trial court to set aside this abrogated judgment.   But the pleas and demurrer remained on file.   The trial court was advised what to do with them and should have done that thing in order to rid the record of every barrier to the proper progress of the cause.

The judgment of the Circuit Court is reversed, and the cause is remanded, with directions to that court to sustain the demurrer to the fourth and fifth pleas and to overrule the demurrer to the second count of the declaration, and to proceed otherwise in accordance with the views herein expressed.