## NASH, TRUSTEE, ET AL. *v.* STATE EX REL. ADAMS.

[No. 26,289. Filed January 30, 1933. Rehearing denied May 16, 1933.]

*Charles E. Henderson, Laurens L. Henderson, Albert Catlin,* and *Howard L. Hancock,* for appellants.

*McFaddin & McFaddin, Elmer F. Williams,* and *Cooper, Royse, Gambill & Crawford,* for appellee.

FANSLER, J.—This is an action by a landowner against a township trustee and the surety on his bond to recover for damage occasioned by the negligent failure of the township trustee to clean out an open non-dredge ditch, which failure is alleged to have caused the lands of appellee to overflow and injure growing crops. The drain in question extended into two counties.

The case was tried upon the theory that, "AN ACT concerning the maintenance and repair of all ditches and drains, except dredge ditches, by the several township trustees," Acts 1915, p. 320, applies and fixes the duties of the trustee. Appellants contend that "AN ACT concerning the repair of open drains," Acts 1917, p. 228, applies, and all of the errors assigned are based upon this contention.

There is no repealing clause in the Act of 1917. Repeals by implication are not favored, and in the absence

of a declared purpose that one statute shall repeal another, the statutes will be so construed that both may be given effect if reasonably possible. *Straus Bros. Company et al.* v. *Fisher et al.* (1928), 200 Ind. 307, 163 N. E. 225. In construing a statute, the whole act should be construed together. *Cyrus* v. *State* (1924), 195 Ind. 346, 145 N. E. 497.

The Act of 1915 provides for the cleaning and repair of all ditches or drains, except dredge ditches, under the supervision of the township trustee and makes it the trustee's duty to see that all such ditches or drains within his jurisdiction are cleaned out and kept open; that they shall be cleaned every two years by contract, after advertisement for bids. Nothing is said in the statute about drains that extend into two counties.

§1 of the Act of 1917 provides that, whenever the owners of 20% of the lands affected by any drainage system *in any county* shall petition the board of commissioners of the county that the ditch or drain be maintained and cleaned under the provisions of the act (1917), the county commissioners shall make an order to that effect and that, thereafter, it shall be maintained under the terms of said act. §10 of the Act of 1917 provides, that when a ditch or drain passes through or extends into two or more counties, the trustee having jurisdiction shall work the same as provided for in this (1917) act, and that the trustee having the lower end of the drain shall work the same across his township and the trustee next above shall commence work where the first trustee left off, and so on until the work is completed.

Construing these acts together, and giving effect to the provisions above referred to, leads naturally to the conclusion that it was intended that drains of the character described, located in one county, should be cleaned

and maintained under the Acts of 1915, unless the owners of 20% or more of lands in acreage petitioned the commissioners as above referred to, in which event, it should be cleaned and maintained under the provision of the 1917 act; that drains running into two or more counties should be cleaned and maintained under the provisions of the 1917 act.

Appellants' first assignment of error is that the court erred in overruling a demurrer to the third paragraph of appellee's complaint. The paragraph of complaint in question shows that the drain ran into two counties, beginning in Vigo County, running thence into Parke County, where it emptied into a creek; that the lands of appellee were located in Nevins Township, Vigo County. There is no allegation that the trustee having the lower end of the drain in Parke County had worked the drain across his township. It did not become the duty of the trustee of Nevins Township, Vigo County, to work his section of the drain until after the section below had been worked. The paragraph of complaint does not show that the appellant trustee had failed in performing any duty required of him by statute. The demurrer should have been sustained.

The other errors assigned are based upon the same question arising on this demurrer. The judgment is based upon the third paragraph of complaint only.

The cause is reversed with instructions to sustain the demurrer to plaintiff's third paragraph of complaint.