SICKELS ET AL. *v.* AETNA SECURITIES COMPANY ET AL.

[No. 27,692. Filed June 2, 1942. Rehearing denied September 28, 1942.]

348

Homer Elliott, of Martinsville, McTurnan & Higgins, Lawrence H. Hind, and James P. Robinson, all of Indianapolis, for appellants.

Charles H. Foley, of Martinsville, James A. Ross, and Noel & Armstrong, all of Indianapolis (Matson, Ross, McCord & Ice, of Indianapolis, of counsel), for appellees.

SHAKE, J.—This action was instituted by the appellants in the Superior Court of Marion County. The appellees joined in an amended plea in abatement alleging that all of them were nonresidents of Marion County except the Indianapolis Life Insurance Company and that it had no connection with the subject-matter of the action but had been made a party defendant for the sole purpose of conferring jurisdiction on the Marion county court. After hearing evidence the court overruled the amended plea in abatement and a motion for a new trial of the issue formed thereon. The venue of the action was, thereupon, changed to the Morgan Circuit Court.

Before the submission of the cause for trial the appellee Indianapolis Life Insurance Company moved to require the appellants to elect upon which of the theories stated in the single paragraph of their amended complaint they would rely. The court sustained the motion and the appellants elected "to proceed upon the theory of rescission of the contracts described in the

complaint and a recovery of the consideration paid."
While the first witness was on the stand, the appellants
asked leave to modify their said election as follows:
"Recovery of consideration as used in the language of
the election is and shall be taken to mean recovery of
damages for the wrongful acts constituting and causing
plaintiffs' loss." The motion to modify the election was
denied and the court proceeded with the trial. At the
conclusion of the appellants' evidence a verdict was
directed in favor of the appellees Ora L. Wildermuth,
Fred O. Wildermuth, Xen McNair Inc., and Indian-
apolis Life Insurance Company. The submission of
the cause was then set aside and a new trial granted
on the issue formed on the amended plea in abatement
which had previously been denied by the Superior Court
of Marion County. Then applying the evidence heard
on the principal trial, the court abated the action as to
the remaining defendants Aetna Securities Company
and Xen L. McNair. There was judgment that the
appellants take nothing, a motion for a new trial was
subsequently denied, and this appeal followed.

The propositions which we have been asked to con-
sider are involved, multifarious, and confusing. The
motion for a new trial alone recited 99 alleged errors
when one, concisely stated and supported by sound
reasoning, would have been sufficient to accomplish a
reversal. To adequately discuss all of the questions
attempted to be presented would require an opinion
longer than the appellants' 340-page brief. We have,
therefore, felt obliged to summarize in our own way
and without regard to the manner of presentation what
we perceive to be the substantial questions. These are:
(1) Whether reversible error was committed in requir-
ing the appellants to elect the theory upon which they
would rely and in refusing them leave to amend the

election made; (2) whether the trial court erred in directing a verdict in favor of the appellees Ora L. Wildermuth, Fred O. Wildermuth, Xen McNair Inc., and Indianapolis Life Insurance Company; and (3) whether the Morgan Circuit Court had power to grant a new trial on the issue formed on the appellees' amended plea in abatement which had been denied by the Superior Court of Marion County before the change of venue, and whether error was committed in abating the action as to the appellees Aetna Securities Company and Xen L. McNair. These matters will be considered in the order stated.

When a contract has been induced by fraud, the injured party may pursue one of two remedies. He may affirm the contract and sue for damages occasioned by the fraud or he may disaffirm the contract and sue to recover the compensation paid. He cannot maintain both of these actions simultaneously in the same paragraph of complaint. Under our code it is necessary for a pleader to adopt and conform to some definite theory. If doubt exists as to what the theory is, the court will determine it from the general scope and tenor of the pleading. These rules are too well known to justify the citation of authorities. In the case at bar the appellants sought to maintain both of these conflicting theories in the same paragraph of their amended complaint. By forced election they chose to proceed upon the theory of a rescission of the contracts. Their subsequent attempt to amend their election was a second effort to assert inconsistent theories. No reversible error was committed in requiring the appellants to make their election or in holding them to their choice.

Whether the trial court erred in directing a verdict for the appellees Ora L. Wildermuth, Fred O. Wilder-

muth, Xen McNair Inc., and Indianapolis Life Insurance Company requires a further notice of the amended complaint and a consideration of the evidence. It was alleged that the appellee Aetna Securities Company owned an extensive tract of platted real estate in Lake County, Indiana, which had only a speculative value and for which there was no substantial market; and that the appellants were aged, trusting, and inexperienced in business, all of which was known to the appellees. It was charged that the appellees entered· into a conspiracy to defraud the appellants by false representations; that pursuant to said design the appellees falsely and fraudulently represented to the appellants that said real estate was readily salable and rapidly advancing in value and thereby induced the appellants to contract to purchase the same for $100,000 and to apply all of their assets amounting to $35,667.50 on said purchase price; and that the appellees well knew that the appellants had no funds in hand or in prospect with which to meet said deferred payments and represented that they could and would resell said real estate for the appellants for a handsome profit before such payments would become due. The amended complaint further charged that when the appellants learned that they had been defrauded they rescinded their contracts and tendered them back, and it concluded with a prayer for judgment for the sum paid to the appellees with interest.

There was evidence that the title to the real estate here involved was in the Aetna Securities Company and that the Indianapolis Life Insurance Company had a mortgage on it and other property for $135,000. Xen L. McNair was president and Ora L. Wildermuth, secretary, of the Aetna Securities Company, and McNair was also president of Xen Mc-

Nair Inc. There was no showing that Ora L. Wildermuth or Fred O. Wildermuth had any part in or knowledge of the negotiations that resulted in the contract with the appellants. The connection of Xen McNair Inc. with the transaction is wholly undisclosed. One of the appellants testified that she talked with the president of the Indianapolis Life Insurance Company over the telephone and that he advised her that it was all right for them to go to Gary to see the property. This circumstance was insufficient to connect the insurance company with the alleged conspiracy. Xen L. McNair appears to have been the agent of the securities company for the sale of the real estate on a commission basis, and all of the representations complained of were made by him or by Irvin Duncan, who was in his employ. It must be concluded that there was a total lack of proof that the appellees Ora L. Wildermuth, Fred O. Wildermuth, Xen McNair Inc. or Indianapolis Life Insurance Company were parties to any conspiracy to defraud the appellants or that any one of them made fraudulent representations to the appellants. We find no error in the action of the trial court in directing a verdict in favor of these appellees.

The appellants' brief is sufficient to make out a *prima facie* case of error on the part of the trial court in setting aside the order of the Superior Court of Marion County overruling the motioin for a new trial of the issue formed on the amended plea in abatement, and in sustaining said plea in abatement as to the appellees Aetna Securities Company and Xen L. McNair. The failure of the last named appellees to file a brief on the merits of this appeal will, therefore, be treated as a confession of error by them.

The judgment is affirmed as to the appellees Indian-

apolis Life Insurance Company, Xen McNair Inc., Ora L. Wildermuth, and Fred O. Wildermuth and reversed as to the appellees Aetna Securities Company and Xen L. McNair. The Morgan Circuit Court will set aside its order granting a new trial on the issue formed on the amended plea in abatement and its judgment abating the action and will sustain the appellants' motion for a new trial as to the appellees Aetna Securities Company and Xen L. McNair.

NOTE.—Reported in 41 N. E. (2d) 947.