AETNA SECURITIES COMPANY ET AL. *v.* SICKELS ET AL.

[No. 17,891. Filed November 28, 1949. Rehearing denied February 14, 1950. Transfer denied May 16, 1950.]

302

Bowen, J., dissents with opinion in which Royse, J., concurs.

Draper, C. J., not participating.

*Albert H. Gavit, Henry R. Sackett,* both of Gary; and *Charles H. Foley,* of Martinsville, for appellants.

*Clair McTurman, Alembert W. Brayton III,* both of Indianapolis; and *Homer Elliott,* of Martinsville, for appellees.

CRUMPACKER, J.—The appellants, by the institution of independent proceedings in equity, sought relief from an alleged default judgment. After a trial of the issues relief was denied and they now assign error in this court. A decision of the questions presented requires a review of the litigation in which the present suit has its origin.

In 1936 Anna Sickels, Lucia H. Sickels, Catherine A. Sickels and Laura Sickels, believing that they had been defrauded into the execution of various contracts for the purchase of a large amount of real estate in Lake County, Indiana, by Xen McNair, Aetna Securities Company, Indianapolis Life Insurance Company, Ora L. Wildermuth, Fred O. Wildermuth and others, brought suit in the Marion Superior Court against said alleged fraud feasors through which they sought to rescind said contracts and recover the money they had laid out and expended by reason thereof. None

of the above named defendants were residents of Marion County, nor did any of them maintain offices in said county, except the Indianapolis Life Insurance Company. The non-resident defendants, claiming the right to be sued in the county of their residence, appeared specially and filed a verified plea in abatement upon which issues were joined and a trial had resulting in a finding against said defendants and judgment that the suit do not abate. In due course their joint and several motion for a new trial was overruled and they thereupon appeared generally and filed answer. Subsequently the venue of the case was changed to Morgan County where it went to trial on its merits before a jury in the circuit court. At the conclusion of the plaintiffs' evidence the court directed a verdict for all of the defendants except McNair and Aetna Securities Company upon which verdict judgment was duly entered. Concluding that the plea in abatement of McNair and Aetna Securities Company had been improperly overruled, the court withdrew the submission of the cause as to them and discharged the jury. Upon its own motion the court thereupon reconsidered the ruling of the Marion Superior Court on said defendants' motion for a new trial of the abatement issue, vacated the same and granted a new trial. Immediately thereafter, upon a consideration of the evidence with respect to said plea in abatement as shown by the bill of exceptions filed in the cause and the evidence developed during the trial on the merits, the court found for said McNair and Aetna Securities Company on their plea in abatement, entered judgment abating the action as to them and assessed all costs of the entire proceedings against the plaintiffs. The Sickels group then asked for a new trial which was denied and they appealed the entire matter to the Supreme Court. That court affirmed the judgment of

the Morgan Circuit Court as to all defendants except McNair and Aetna Securities Company. As to them said judgment was reversed with the following mandate: "The Morgan Circuit Court will set aside its order granting a new trial on the issue formed on the amended plea in abatement and its judgment abating the action and will sustain the appellants' motion for a new trial as to the appellees Aetna Securities Company and Xen L. McNair." This decision was filed June 2, 1942, reported as *Sickels* v. *Aetna Securities Co.* (1942), 220 Ind. 347, 41 N. E. 2d 947 and in due course entered in the orderbook of the Morgan Circuit Court.

On October 30, 1942, James W. Noel and Kivett and Kivett, sole attorneys of record for McNair and Aetna Securities Company, asked leave to withdraw their appearance for said defendants. Leave was granted but no formal withdrawal thereof was entered of record. On June 21, 1943, by orderbook entry, the cause was set for trial on September 27 of that year. In the meantime Catherine Sickels died and Lawrence H. Hinds, executor for her estate, was substituted as a party plaintiff. On September 27, 1943, the day fixed by said orderbook entry for the trial of the cause, the defendants McNair and Aetna Securities Company were called but failed to appear. The cause was submitted to the court for trial without the intervention of a jury and resulted in a finding and judgment for the plaintiffs and against said defendants in the sum of $61,320.27 and cancellation of all real estate contracts involved in the litigation. No execution was issued on this judgment until August 9, 1948, when McNair and Aetna Securities Company first learned of its existence and at their first opportunity thereafter they commenced the present suit. It seeks relief from said judgment of September 27, 1943, through a com-

plaint alleging the history of the litigation between the parties substantially as we have set it out with additional allegations tending to show grounds for equitable relief. As heretofore stated relief was denied.

It is undisputed that when the Morgan Circuit Court received the opinion of the Supreme Court it caused the same to be filed and copied in its orderbook and subsequently signed such orderbook entry. No other steps were taken in compliance with the mandate contained in said opinion. In other words the Morgan Circuit Court made no entry of record setting aside its order granting a new trial of the abatement issue and its judgment abating the action. This situation, the appellants insist, shows an entire lack of jurisdiction in the Morgan Circuit Court to try the case and render the judgment of September 27, 1943. They assign two reasons for this. First said court was rendered helpless to proceed by reason of its own judgment abating the action which stood undisturbed on its records. Second, the mandate of the Supreme Court is not self-executing. A mandate is not the doing of an act but a command to do it and therefore until the command is executed the mandate is ineffectual.

We have been referred to no Indiana case, nor do we find any, that squarely decides these questions. *Wells* v. *Tedrick* (1896), 69 Ill. App. 203, cited by the appellants lends some support to their contention as a general proposition. In that case the plaintiff stood on his demurrer to an answer when it was overruled and suffered judgment to go against him and on appeal the judgment was reversed. The trial court, without first vacating its order overruling the demurrer and entering an order sustaining it, went forward and rendered judgment against the defendant by default. The Appellate Court said that its decision in the former case merely annulled and set aside the

judgment of the court below. The pleading and the demurrer to which it was addressed were still in the case and stood in the way of a default. We concede the soundness of this decision but repudiate its application to the present situation. The judgment of the Supreme Court, *Sickels* v. *Aetna Securities Co., supra,* declares all action of the Morgan Circuit Court in respect to the appellant's plea in abatement to be null and void. The operation of said judgment was immediate and was not suspended until the Morgan Circuit Court performed the mechanics of purging its record of said proceedings. The deposit of the decision of the Supreme Court in the office of the clerk of the Morgan Circuit Court reinvested that court with the plenary jurisdiction that had been interrupted by appeal. Burns' 1946 Replacement, § 2-3234; *Cox* v. *Pruitt* (1865), 25 Ind. 90; *Julian* v. *Beal* (1870), 34 Ind. 371. It seems elementary to us that said void judgment, even though unexpunged of record, constituted no obstacle to the exercise of such jurisdiction.

The appellants next complain that the trial court erred in rendering the judgment of September 27, 1943, because it did so by default notwithstanding the fact that they had appeared, filed answer and the cause was at issue. This contention is based on the fact that their attorneys merely asked leave to withdraw their appearance and upon the same being granted made no formal withdrawal of record. Therefore they say, in legal effect they were in court, represented by counsel, had an answer on file and the case was at issue when the court rendered judgment as by default. We find authority for the proposition that mere leave to withdraw an appearance, not consummated by actual withdrawal, is ineffective for any purpose, *Bills et al.* v. *Stanton* (1873), 69 Ill. 51, and if the judgment of September 27, 1943, was, in truth, a

default judgment it is a nullity. A default occurs when a party fails to appear in response to process or, having appeared, fails to obey a rule to answer and thereby confesses the allegations of the pleading. Judgment is then rendered without the trial of any issue of law or fact. *Fisk* v. *Baker* (1874), 47 Ind. 534. Obviously where an issue of fact is pending between the parties there can be no judgment on default even though the defendant is absent at the time fixed for trial. Under such circumstances however the court may proceed to hear the plaintiff's evidence in the same manner as though the defendant were present and, if a prima facie case is established, may render appropriate judgment. *State Board, etc.* v. *Pickard* (1931), 93 Ind. App. 171, 177 N. E. 870. This procedure was followed in the former case and we are constrained to hold that the judgment complained of was not taken on default.

But even so the appellant McNair contends that as to him the judgment so rendered is outside the issues and therefore erroneous. His position in support of this contention may be summarized as follows: The judgment from which he now seeks relief was entered on a complaint brought by the appellees against him and Aetna Securities Company as joint tort feasors in that they fraudulently induced the appellees to enter into various contracts with Aetna Securities Company which, by reason of said fraud they chose to rescind and recover the money they have paid out under the terms thereof. In short the action is nothing more or less than a suit against two joint tort feasors for money had and received. It is elementary, they contend, that a judgment in such a case will not lie against a defendant who did not have and receive the money even though his co-defendant and joint tort feasor did. The complaint does not allege that the appellees

paid money in any amount to McNair and, as he was not a party to the contracts involved, said complaint must be construed to allege that his co-defendant Aetna Securities Company, to whom the money was payable under the terms of said contract, actually received it.

The difficulty with this contention is that the appellant McNair asserted no such grounds for relief below. The complaint in the case before us pleads no facts in support thereof and the contention appears to be asserted for the first time on appeal. A judgment resting on this theory, if rendered, would have been outside the issues and therefore erroneous. It necessarily follows that the refusal of the court to render such a judgment affords the appellants no ground for relief. See *State ex rel. Surprise* v. *Porter Circuit Court* (1948), 226 Ind. 375, 80 N. E. 2d 107. A resort to the rule of implied amendment of the complaint to conform to the evidence is of no avail as the finding in the present case is against the complaint. Such rule operates, on appropriate occasion, to save a finding and judgment but never to destroy them.

Finally the appellants insist that the trial court abused its discretion in refusing to set aside the judgment complained of. They seek the application of that generally accepted doctrine that whenever, by fraud, inadvertence, mistake or excusable negligence, an unfair advantage has been obtained in a proceeding at law, the use of which would offend good conscience, equity, independent of statute, will grant relief. *Walker* v. *Heller et al.* (1883), 90 Ind. 198. Whether the facts and circumstances surrounding this particular transaction bring the appellants within the protective cloak of this principle of equity was exclusively for the trial court to determine. Its determination of the question is not available error if its dis-

cretion in the matter was reasonably exercised. *Cruse et al.* v. *Cunningham et al.* (1881), 79 Ind. 402. The evidence discloses many facts tending to extenuate the conduct which resulted in the appellants' present dilemma. On the other hand there is much in the record indicating an indifference on their part concerning the outcome of the appellees' suit against them and a careless failure to take reasonable precaution to prevent a trial of the case in their absence. A pro and con recital of these facts and circumstances would serve no useful purpose and we deem it sufficient to say that they disclose no clear abuse of the court's discretion in rendering the judgment in controversy.

Judgment affirmed.

Draper, C. J., not participating.

Bowen, J., dissenting.

Royse, J., concurs in dissent.

NOTE.—Reported in 88 N. E. 2d 789.

## ON PETITION FOR REHEARING

CRUMPACKER, J.—Considering the questions involved to be of sufficient importance, the two divisions of this court sat in banc for the consideration and decision of this appeal. Burns' 1946 Replacement, § 4-202. One judge did not participate in the decision. Three judges joined in the majority opinion and two dissented. The appellant contends that under these circumstances the transfer of this appeal to the Supreme Court for decision is mandatory.

The statute upon which the appellant relies in support of his position is Burns' 1946 Replacement, § 4-209, which reads as follows: "Whenever, upon the determination of any appeal, it shall appear that the three (3) judges of the division do not concur in the

result, the case shall be submitted to and be decided by the entire Appellate Court, and, in that case, if four (4) judges shall not concur in the result, the case shall be transferred to the Supreme Court, and the judgment of the Appellate Court in such cases shall be governed in all respects by the law applicable to the judgment of a division."

The appellant construes this statute to mean that whenever and for whatever reason the entire court considers an appeal the concurrence of four judges is necessary to a decision. The term "entire court," he contends, means the court in banc, whether all six judges participate in the decision or not. We can adopt such construction of the statute only by concluding that it repeals, by implication, Burns' 1946 Replacement, § 4-223, which in effect provides that if any judge is disqualified to sit in a case the concurrence of three judges shall be sufficient to decide the same. As far as we are able to learn this precise question has never been decided by the written opinion of either this or the Supreme Court. For indirect light on the subject, however, we cite the holdings in *Lesh* v. *Johnston Furniture Co.* (1938), 214 Ind. 176, 13 N. E. 2d 708, 14 N. E. 2d 537; *L. S. Ayres & Company* v. *Hicks* (1942), 219 Ind. 348, 38 N. E. 2d 577.

It is true that the statute upon which the appellant counts is a later enactment than that providing for a decision by three judges and, construed as he advocates, it is repugnant to the latter. Repeals by implication, however, are not favored, *State ex rel. Gary* v. *Lake Sup. Ct.* (1947), 225 Ind. 478, 76 N. E. 2d 254, and in the absence of a declared purpose that one statute shall repeal another they will be so construed that both may be given effect if reasonably possible. *Nash, Trustee* v. *State ex rel. Adams* (1933),

205 Ind. 22, 184 N. E. 169; *DeHaven* v. *Municipal City of South Bend* (1937), 212 Ind. 194, 7 N. E. 2d 184; *City of Elkhart* v. *Pribble, Treas.* (1937), 212 Ind. 702, 7 N. E. 2d 956. This principle of statutory construction compels us to construe the term "entire court" as used in § 4-209 to mean all of the six judges comprising the court. If a case is heard by the "entire court," with the term so construed, the concurrence of four judges is necessary to a decision. If any judge of the "entire court" is disqualified to sit then § 4-223 is applicable and three judges can render an effective decision. Thus the two statutes are reconcilable and both must stand.

In our initial opinion we treated the judgment which the Supreme Court held erroneous in *Sickels* v. *Aetna Securities Co.* (1942), 220 Ind. 347, 41 N. E. 2d 947, as void and in effect held that its vacation by the trial court, in compliance with the Supreme Court's mandate, was not a condition precedent to the jurisdiction of the trial court to proceed with a retrial of the issues. By our use of the word "void" we do not wish to be understood as holding the judgment in question as void *ab initio*. We recognize the fact that it was merely an erroneous judgment but when the Supreme Court adjudged it to be contrary to law it became void and thereafter it was as ineffective as a bar to further proceedings as though void in the beginning. Its nullity was not postponed until the trial court went through the mechanics of formally expunging it of record. It is said in *Cox* v. *Pruitt* (1865), 25 Ind. 90: "It is claimed that the court below had no jurisdiction to proceed in the cause until the opinion of the Supreme Court reversing the judgment was entered upon the order book of the Circuit Court, and an order made setting aside its proceedings, in accordance

with the direction of this court. There is nothing in this objection. . . . The reversal by this court, *ex vi termini*, vacates the judgment of the court below, without any action of that court. On the filing of the certified opinion of this court in the clerk's office of the Circuit Court, it was the duty of that court to proceed with the cause from the point reached by the judgment of reversal. That court having done its duty, although in an informal manner, committed no error in taking jurisdiction of the cause."

In disposing of the appellant's contention that the judgment of September 27, 1943, was outside the issues as to the appellant we said: "The difficulty with this contention is that the appellant McNair asserted no such grounds for relief below." He charges error in this particular on the ground that a judgment outside the issues is void and that question may be presented for the first time on appeal. When the cause which terminated in the judgment of September 27, 1943, was originally tried, issues were joined on a single paragraph of complaint in which the Sickels group, as plaintiffs, sought to affirm a contract and recover damages caused by fraud in its procurement and, at the same time, sought to rescind said contract and recover the compensation paid. At the insistence of the appellant the plaintiffs were required to elect which of the two inconsistent remedies they would pursue. They chose to proceed upon the theory of rescission. This issue remained unchanged and the judgment of September 27, 1943, is clearly based thereon. It may be that on the theory of rescission the complaint was bad as to the appellant. If so, his remedy was by demurrer. Certainly the judgment against the appellant is not outside the issues merely because it rests upon a bad complaint.

Other questions presented by the petition for a rehearing have been fully discussed in our initial opinion. We are not convinced of error in respect thereto.

Rehearing denied.

Draper, C. J., not participating.

NOTE.—Reported in 90 N. E. 2d 136.

## DISSENTING OPINION

BOWEN, C. J.—I cannot agree with the majority opinion in this case. The appellants herein had originally successfully defended the action in the lower court. On appeal by reason of their failure to file a brief, the Supreme Court reversed their judgment on the grounds that the Sickels' brief made a prima facie showing of error. *Sickels, et al.* v. *Aetna Securities Co., et al.* (1942), 220 Ind. 347, 41 N. E. 2d 947.

The mandate of the Supreme Court in the original case was: "The Morgan Circuit Court will set aside its order granting a new trial on the issue formed on the amended plea in abatement and will sustain the appellants' motion for a new trial as to appellees, Aetna Securities Company and Xen McNair." The trial court never took steps to obey this mandate as to setting aside its previous order but instead on September 27, 1943, proceeded to call and default the appellants' and rendered judgment in excess of $61,000.

At the time this default judgment was rendered the appellants had appeared and had filed an answer in the lower court. Their attorneys of record had asked leave and had been granted permission by the court to withdraw their appearance for the appellants. The testimony of the clerk below was that it was the invariable practice and custom of the trial court to notify attorneys of all settings and if there were no attorneys or the attorneys had withdrawn to send similar notices

to the parties and the forms of notice were introduced. In addition, the appellant McNair was told by one of his attorneys who had been granted leave to withdraw that McNair would receive notice of any future steps in the Morgan Circuit Court. No notice was ever sent to the appellants, in spite of the fact their personal appearance had never been withdrawn, and immediately upon their learning of the existence of the judgment they went to Martinsville, and upon learning there was a judgment against them filed the proceedings below upon which this appeal is based seeking relief from this judgment.

All doubts as to an application to set aside a default judgment should be resolved in favor of the appellant. *Christ* v. *Jovanoff* (1926), 84 Ind. App. 676, 151 N. E. 26; *Masten* v. *Indiana Car Co.* (1900), 25 Ind. App. 175, 57 N. E. 148.

It is also the policy of the law to try cases on their merits and to give litigants their day in court. *Neat* v. *Topp* (1911), 49 Ind. App. 512, 97 N. E. 578; *Gary Hobart, etc., Co.* v. *Earle* (1922), 78 Ind. App. 412, 135 N. E. 798.

It is true that there was a considerable lapse of time between the date of the judgment which was rendered on September 27, 1943 and on August 9, 1948, when appellants claim they first learned of the judgment by reason of the issuance of execution on same. However, the passage of time after the rendition of a judgment never amounts to laches until the existence of the judgment is known. "But however great the lapse of time, laches is not imputable to a party who has no knowledge of a judgment against him; it is only required of him that he be diligent in seeking relief after he has notice of it." 34 C. J. 265.

An Indiana trial court of record has an inherent power independently of statute to grant relief against

a default judgment without regard to the passage of time. *Staggs* v. *Wright* (1948), 118 Ind. App. 247, 76 N. E. 2d 588; 2 Lowe's Rev., *Works' Practice,* p. 188; I Watson's Rev., *Work's Practice,* p. 679; *Hitt* v. *Carr* (1921), 77 Ind. App. 488, 130 N. E. 1; *Walker* v. *Heller* (1883), 90 Ind. 198; *Krill* v. *Carlson* (1920), 74 Ind. App. 47, 128 N. E. 612; *Cory* v. *Howard* (1929), 88 Ind. App. 503, 164 N. E. 639.

The appellants, after having a final judgment in their favor, and after their attorneys of record had asked and been granted leave to withdraw, five years later learned that instead of having a judgment in their favor, that the trial court without notice to them and without vacating the previous judgment, had reconsidered the matter as a default and rendered a judgment in favor of the other side.

Furthermore, I wish to point out that while the mandate of the Supreme Court directed the trial court to sustain appellants' motion for a new trial as to appellees, Aetna Securities Company and Xen L. McNair, appellants herein, an examination of the record shows that in the original proceeding the court withdrew the submission of the cause as to these appellants and discharged the jury, and therefore, the appellants did not have an original trial in the first instance on the merits.

Considering all of the circumstances including those recited in the majority opinion, it seems to us that the conclusion is inescapable that the trial court abused its discretion in refusing to grant appellants equitable relief and its default judgment of September 27, 1943, and that this cause should be reversed.

Royse, J., concurs in this dissent.

NOTE.—Reported in 88 N. E. 2d 794.