**CORE FUNDING GROUP, LLC,**
**Appellant–Defendant,**

**v.**

**James H. YOUNG, on behalf of himself and all others similarly situated, Appellee–Plaintiff.**

No. 49A05–0208–CV–364.

Court of Appeals of Indiana.

July 22, 2003.

---

1. *Matter of Thonert*, 693 N.E.2d 559, 563 (Ind. 1998) (other citations omitted).

548

R. Brock Jordan, Rubin & Levin, P.C., Indianapolis, IN, Attorney for Appellant.

Irwin B. Levin, David J. Cutshaw, Scott D. Gilchrist, Eric S. Pavlack, Cohen & Malad, L.L.P., Karl L. Mulvaney, Nana Quay–Smith, Candace L. Sage, Bingham McHale, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge

Core Funding Group, LLC, ("Core") appeals a $250,000 class action default judg-

ment against it and in favor of James Young. Core asserts on appeal the Telephone Consumer Protection Act ("TCPA") does not permit class actions and the trial court should not have certified Young's class. We find Core's arguments regarding the class certification and the propriety of a class action are unavailable on appeal[1] because the default judgment amounts to a confession of Young's complaint, which complaint included allegations sufficient to establish the appropriateness of the class certification. We therefore affirm.

## FACTS

Core is an investment banking firm that provides services to the legal community. Young is an attorney. Core sent to Young by facsimile an unsolicited advertisement for its services. Young brought this class action suit alleging the transmission violated the TCPA, 47 U.S.C. 227, which prohibits the use of a telephone facsimile machine to send an unsolicited advertisement to another telephone facsimile machine. Young's complaint was properly served on Core's registered agent.

Core did not appear by counsel nor did it answer the complaint. The trial court scheduled a hearing for July 5, 2001, and two days before the hearing Core's president filed a *pro se* motion to continue it. He asserted Core needed a continuance in order to retain an attorney. The continuance was granted.

On July 5, 2001, Young moved for default judgment on behalf of all members of the putative class, and asked for a hearing to determine damages. Core did not respond to the motion. Also on July 5, the trial court set a class certification hearing for September 17, 2001, and notice of that hearing was served on Core's agent. Core did not attend that hearing.[2] That same day the court entered orders certifying Young's class, entering a default judgment against Core, and setting a damages hearing for December 10, 2001.

On December 10, counsel entered an appearance for Core and filed motions to set aside the default judgment and to reconsider the class certification. The trial court granted the former motion and denied the latter. On May 24, 2002, Young moved to reinstate the default judgment and enter final judgment. That motion was premised on Core's failure to comply with an order to produce information regarding the persons to whom Core had sent facsimile advertisements.

Core submitted a "Limited Objection" (Appellant's App. at 134) to Young's motion, which objection asserted the class certification was improper but did not address the order to produce documents. The trial court reinstated the default judgment and, after a damages hearing, entered judgment for the class in the amount of $250,000. That amount was based on

---

1. While we do not address this issue on appeal, we note that the TCPA does not expressly exclude class actions. A class action therefore is presumably available as a method for redressing violations of the Act. See *Califano v. Yamasaki*, 442 U.S. 682, 700, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) ("In the absence of a direct expression by Congress of its intent to depart from the usual course of trying 'all suits of a civil nature' under the Rules established for that purpose, class relief is appropriate in civil actions brought in federal court[.]").

2. Core asserts it did not attend the hearing because it relied on a notice the court sent two days later indicating the hearing was scheduled for September 27. That date was apparently a typographical error, as the order stated the court would "address the issue of certification of a plaintiff class during the *currently scheduled* September 27, 2001 hearing." (Appellant's App. at 56.) (Emphasis supplied.) The "currently scheduled" hearing had previously been set for September 17.

Core's failure to respond to a request for admissions that it had sent facsimile advertisements to at least 500 individuals.[3] Core does not argue on appeal that the entry of default judgment was improper.

## DISCUSSION AND DECISION

### Standard of Review

■ On appeal, a trial court's decision whether to reinstate a default judgment is given substantial deference. See *Nwannunu v. Weichman & Assoc's, P.C.,* 770 N.E.2d 871, 876 (Ind.Ct.App.2002) (addressing trial court decision whether to set aside a default judgment), *reh'g denied.* Our standard of review is limited to determining whether the trial court abused its discretion. *Id.* We will find an abuse of discretion if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* In reviewing the trial court's determination, we will not reweigh the evidence or substitute our judgment for that of the trial court. *Id.* Any doubt as to the propriety of a default judgment is resolved in favor of the defaulted party. *Id.*

■ Default judgments are not favored; it has long been our preference that a court decide a controversy before it on its merits. *Id.* However, when the discovery process breaks down, Indiana Trial Rule 37 provides the court with tools to enforce compliance. The court may impose various sanctions, including rendering a judgment by default. T.R. 37(B)(2). The appropriate sanction for failure to comply with a trial court's order is a matter committed to the sound discretion of the trial court, and the trial court is not required to impose lesser sanctions before

applying the ultimate sanction of a default judgment. *Nwannunu,* 770 N.E.2d at 876.

### Effect of Default

■ Core does not address in its brief the effect of the default judgment nor does it explicitly argue in its brief or reply brief that the default judgment was improperly entered. It does, however, argue in its reply brief that the default judgment does not preclude appellate review of the class certification issues it raises on appeal. We disagree.

■ A default judgment amounts to a confession of the complaint. *Davis v. Davis,* 413 N.E.2d 993, 996 (Ind.Ct.App. 1980). *See also Aetna Sec. Co. v. Sickels,* 120 Ind.App. 300, 308, 88 N.E.2d 789, 792 (1949) (default occurs when a party fails to appear in response to process or, having appeared, fails to obey a rule to answer and thereby confesses the allegations of the pleading), *reh'g denied, trans. denied.*

T.R. 23 provides in pertinent part:

(A) Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

---

**3.** The part of the TCPA that provides for a private right of action allows a person to recover actual monetary damages from the violation or $500 in damages for each violation, whichever is greater. The Act permits treble damages if the defendant willfully or knowingly violates the Act. Young sought damages in the amount of $750,000 for the 500 violations, but the trial court awarded only $250,000.

(B) Class actions maintainable. An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of:

(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

(a) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;

(d) the difficulties likely to be encountered in the management of a class action.

(C) Determination by order whether class action to be maintained—Notice—Judgment—Actions conducted partially as class actions.

(1) As soon as practicable after the commencement of an action brought as a class action, the court, *upon hearing or waiver of hearing*,[4] shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

(Emphasis and footnote supplied.)

Core asserts appellate review of the class-certification issue is permissible and appropriate despite the default judgment, relying on *Davis v. Hutchins,* 321 F.3d 641 (7th Cir.2003). *Davis* does not support Core's position. Davis brought a class action against Hutchins, an attorney, alleging Hutchins violated the Fair Debt Collection Practices Act. The trial court entered a default judgment and awarded attorneys fees, $2,000 in actual damages for Davis, and $500,000 in damages for the class.

Hutchins appealed, arguing among other things that the default judgment and the award of class-action damages were error. The Seventh Circuit determined the default was properly entered but that class-

---

**4.** The federal rule does not contain language explicitly contemplating the court may determine "upon ... waiver of hearing" whether a class action may be maintained. Rather, the federal rule states "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Fed. R. Civ. Proc. 23(c)(1).

action damages should not have been awarded. Hutchins argued, as does Core in the case before us, that at least some of the class certification requirements were lacking. See *Associated Med. Networks, Ltd. v. Lewis,* 785 N.E.2d 230, 235 (Ind.Ct. App.2003) (in determining the propriety of class action certification, a trial court must first determine whether the class meets the four prerequisites of T.R. 23(A), generally known as numerosity, commonality, typicality, and adequacy of representation). However, the Seventh Circuit did not address those arguments because although the district court awarded class damages, no class had ever been certified.

Davis argued the "class was effectively certified by the entry of default" because when a default is entered, the factual allegations in the complaint are deemed admitted by the defendant. 321 F.3d at 648. The panel acknowledged the general principle that "factual allegations in the complaint are deemed admitted by the defendant upon default," *id.,* but noted that Rule 23 imposes an independent duty on the trial court to determine by order that the requirements of Rule 23 are met regardless of the defendant's admissions. *Id.* A class may be certified only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.* at 649 (quoting *Gen. Tel. Co. of the S.W. v. Falcon,* 457 U.S. 147, 160–61, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). That requirement serves the important function of protecting absent class members whose rights might be affected by the class certification. *Id.*

No such judicial determination had been made in *Davis;* however, in the case before us the trial court did "determine by order" that the requirements of T.R. 23 had been satisfied. Core asserts the required "rigorous analysis" was not performed, apparently on the ground Core did not appear at the class certification hearing to oppose Young's motion.

We decline to adopt Core's apparent premise that a trial court cannot conduct a sufficiently "rigorous" analysis of the propriety of a class action without participation by the defendant. Under Core's rationale, a defendant could prevent any class action from ever going forward merely by failing to participate in the class certification phase of the litigation.

Young's complaint included the allegations necessary to support an action under the TCPA and a class action under T.R. 23, the trial court conducted a hearing on the class certification, and it issued an order certifying the class. Young's complaint alleged, among other things, a violation of the TCPA and it defined the class as "all persons or entities in the United States who received facsimile transmissions from Core Funding" that contained advertising during the two years before the complaint was filed. (Appellant's App. at 15.) It alleged at least forty people had received such faxes, so it was impracticable to join all the individual class members. It alleged common questions of law and fact that predominated over any questions affecting individual class members. It alleged Young's claims were typical of the class claims and that Young would protect the interests of the class. Young moved for a hearing on his petition for certification of the class and the trial court held the hearing. Core submitted a motion asking the court to reconsider the class certification and it attached case law supporting its motion. The trial court's analysis of the class certification question was as thorough as it could be without Core's participation.

We decline to hold the trial court's analysis of the propriety of a class action was not sufficiently "rigorous." Core's challenge to the class certification is therefore

foreclosed by the default judgment against it.

## CONCLUSION

The unchallenged default judgment against Core precludes Core from challenging on appeal the class certification. The trial court's judgment is accordingly affirmed.

KIRSCH, J., and MATHIAS, J., concur.