IN RE TRIAL OF JOSE v. JOSE ET AL.

[No. 20,074. On motion to dismiss filed January 17, 1966. Opinion on merits filed April 3, 1967. Rehearing denied May 4, 1967. Transfer denied September 13, 1967.]

*Ralph Hamill, John P. Price, Polly Anne Jose, Thomas P. Mantel, Mantel & Doyle,* and *Hollowell, Hamill & Price,* of Indianapolis, for appellant.

*Leon J. Mills* and *White, Mills, Hoffmark & Pantzer,* of Indianapolis, for appellee, Oscar A. Jose, Jr., guardian ad litem of Polly Anna Jose, a minor.

*Sherwood Blue, Theodore L. Locke, Robert C. Riddell,* of Indianapolis, for appellees, Lalah E. Brown and American Fletcher National Bank & Trust Company, Co-Executors of the Estate of Oscar A. Jose. *Locke, Reynolds, Boyd & Weisell,* of Indianapolis, of counsel.

*Howard P. Travis,* and *Royse, Travis, Hendrickson & Travis,* of Indianapolis, for appellees, Catherine Frances Childs; Margaret Jean Childs Hermann; Canning B. Childs, Jr., and Oscar A. Jose, Inc.

### ON MOTION TO DISMISS

HUNTER, J.—As a point of clarification in regard to the title and assignments of error, Polly Anna Jose having reached her majority, has been substituted as a party in lieu of Oscar A. Jose, Jr., her guardian ad litem. Her guardian ad litem is named as an appellee in the original assignment of errors of Oscar A. Jose, Jr. (as an individual). However, Oscar A. Jose, Jr., as the guardian ad litem filed a titled cross-assignment of error. We believe that in considering the substance rather than the form of said titled cross-assignment, that it should have been filed as a separate assignment of error and designated as such. Consequently, hereinafter we shall term Polly Anna Jose as an appellant in her own right.

This is an appeal brought by Oscar A. Jose, Jr., as an individual, which questions the validity of the appointment by the Probate Court of a successor corporate trustee of a trust created by the will of the deceased, Oscar A. Jose. In addition, Oscar A. Jose, Jr., guardian ad litem for Polly Anna Jose, a minor, filed a cross-assignment of error which is substantially the same as the original assignment of error.

The executors for the estate of Oscar A. Jose are Lalah E. Brown and American Fletcher National Bank and Trust Company. The will designated as co-trustees Lalah E. Brown and Oscar A. Jose, Incorporated. The latter was the corporate trustee and former was the individual trustee; each has

separate duties by the terms of the will. The lower court dismissed Oscar A. Jose, Incorporated, as the corporate trustee on their petition and also appointed American Fletcher as the successor corporate trustee as the petition requested. Previous actions taken by this court are as follows:

(1) On May 18, 1964, the cross appellant was granted leave to amend his brief with the proper cross-assignment of error.

(2) The appellees gave notice to this court of their withdrawal of paragraphs 4, 5 and 6 of their special appearances and motion to dismiss the appeal of Oscar A. Jose, Jr., guardian ad litem of Polly Anna Jose, a minor on March 29, 1964.

(3) On November 19, 1965, the petition to substitute attorneys for certain appellees was granted.

(4) On November 19, 1965, the request of Polly Anna Jose to represent herself individually as well as by counsel was granted as she had attained her majority.

This appeal is pending our disposition of the following:

(1) The appellees' motion to dismiss the appeal of Oscar A. Jose, Jr., as an individual, the appellant here on the assignment of errors,

(2) The appellees' motion to dismiss the appeal of Polly Anna Jose as an appellant here on her separate assignment of errors (as hereinbefore clarified),

(3) A petition for an extension of time to file briefs by the appellees,

(4) A petition for oral argument on the motion to dismiss by the appellees,

(5) A petition by the appellant, Polly Anna Jose, for an oral argument on the motion to dismiss, and

(6) A petition to add additional parties by the appellant, Oscar A. Jose, Jr., as an individual.

The appellees in their motions to dismiss contend that the appellant, Oscar A. Jose, Jr., and the appellant, Polly Anna Jose, have failed to name essential parties to this appeal, since the parties are named in the judgment of the lower court this exclusion is jurisdictional. The parties referred to are the

co-trustees of the trust established by the will of Oscar A. Jose, to-wit: Lalah E. Brown, the individual trustee, and American Fletcher, the corporate trustee. The latter was appointed by the lower court's judgment on the original petition, which is the matter being appealed. These parties were named in their capacities of executors of the will.

We agree with the appellees that these parties should have been named in their capacities as co-trustees in compliance with Supreme Court Rule 2-6 which is as follows:

". . . In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellants shall be named as appellees. Assignment of cross-errors shall use the same title, but immediately thereafter shall designate the parties seeking relief and those against whom relief is sought by assignment of cross-errors. *Failure properly to name parties will not be treated as jurisdictional. Amendments may be permitted upon such terms as the court shall direct.*" (our emphasis)

However, we do not believe that the failure to name the parties in all their proper capacities is jurisdictional. Since these parties were named in their capacities as executors, they were served with notice and the briefs as to the assignments of error.

The cases of *Jasper & Chicago Mtr. Exp.* v. *Ziffrin Truck Lines* (1961), 241 Ind. 643, 175 N. E. 2d 20 and *Haney* v. *Estate of Denny* (1962), 135 Ind. App. 317, 183 N. E. 2d 346 are not necessarily controlling. In the latter case, this court stated at p. 321:

"It may be fairly said, we think, that by its Per Curiam opinion in said Ziffrin case (as reported in said 175 N. E. 2d 20) the Supreme Court evinced its intention of departing from the rule generally adhered to by both the Supreme Court and our court before and after the amendment of Rule 2-6 in 1943, to the effect that the failure to name par-

ties, either as appellants or appellees, is fatal to the appeal on jurisdictional grounds, except where modified by statute."

As exemplified above these cases referred to a complete failure to name the parties. In the case at bar we are concerned with failure to name the parties in all their proper capacities. In addition, the appellant, Oscar A. Jose, Jr., has timely filed a petition to add additional parties. Consequently, we do not feel that this failure is jurisdictional.

The appellees also contend in paragraph 6 of their motion to dismiss the appeal of Oscar A. Jose, Jr. and in paragraph 7 of their motion to dismiss the cross-appeal of Polly Anna Jose, that Lalah E. Brown, named as an appellee was not a party to the lower court's proceeding in her individual capacity. In reviewing the transcript and the briefs we can only find Lalah E. Brown named as executrix and as the individual trustee.

In paragraph 5 of the motion to dismiss the appeal of Oscar A. Jose, the appellants contend that the bill of exceptions is defective because the lower court in its certificate stated only that the bill of exceptions was "correct," and that it should have stated that it was full, true and complete. On reading the certificate, we find the court stated that "all the evidence given and offered" was contained in the bill and that it was "correct". The verbiage which is desired by the appellees is synonymous with the language of the court.

Our disposition of the matters pending is as follows:

The appellants, Oscar A. Jose, Jr. and Polly Anna Jose, may amend their respective assignments of error by adding Lalah E. Brown and American Fletcher National Bank and Trust Company as appellees in their additional capacities of co-trustees, by removing Lalah E. Brown as an appellee in her individual capacity, and by properly naming the parties, Oscar A. Jose, Jr. and Polly Anna Jose, as appellants. The appellants are hereby granted thirty (30) days from the

date of this order to amend their respective assignments of error. This is in accord with the discretion given this court by Supreme Court Rule 2-6, *supra*, which states in part ". . . amendments may be permitted upon such terms as the court shall direct."

The appellees' motions to dismiss are denied contingent upon compliance with the above by the appellants with the exception that this appeal as to Lalah E. Brown as an individual is dismissed.

We grant the appellees thirty (30) days from and after the date of the filings of the ordered amendments to the assignments of error to file an answer brief.

The appellees' and the appellant's petitions for an oral argument on the motions to dismiss are denied.

Smith, P. J. and Bierly, J., concur.

Mote, J., not participating.

NOTE.—Reported in 212 N. E. 2d 917.