IN RE TRIAL OF JOSE, ETC. *v.* BROWN ET AL.

[No. 20,074. Filed April 3, 1967. Rehearing denied May 4, 1967. Transfer denied September 13, 1967]

Arch N. Bobbitt, Ralph Hamill, John P. Price, and Hollowell, Hamill & Price, of counsel, of Indianapolis, for appellant.

Sherwood Blue, Theodore L. Locke, Robert C. Riddell, Howard P. Travis, Thomas A. Hendrickson and Locke, Reynolds, Boyd & Weisell, and Royse, Travis, Hendrickson & Travis, of counsel, of Indianapolis, for appellees.

Bierly, J.—This action was begun in the Marion Probate Court by Oscar A. Jose, Incorporated, on April 29, 1963, filing a

> "Petition to Docket Trust,
> to Disclaim and Renounce
> as Corporate Trustee and
> For Appointment of a
> Successor Corporate Trustee."

The Transcript and Assignment of Errors were filed in this cause under the original caption, as heretofore set forth, on January 24, 1964.

On March 19, 1964, a "Special Appearance and Motion to Dismiss of Appellees, Lalah E. Brown and American Fletcher National Bank and Trust Company, Executors of the Estate of Oscar A. Jose, deceased; Catherine Frances Childs; Margaret

Jean Childs Hermann; Canning R. Childs, Jr.; Oscar A. Jose, Incorporated; and Lalah E. Brown", was filed.

This court, after due consideration of the various filed motions, handed down an opinion on January 17, 1966, setting forth various instructions and orders.[1] The first paragraph of said opinion specified certain instructions and requirements as follows:

> "As a point of clarification in regard to the title and Assignment of Errors, Polly Anna Jose having reached her majority, has been substituted as a party in lieu of Oscar A. Jose, Jr., her guardian ad litem. Her guardian ad litem is named as an appellee in the original assignment of errors of Oscar A. Jose, Jr., (as an individual). However, Oscar A. Jose, Jr., as the guardian ad litem filed a titled cross-assignment of error. We believe that in considering the substance rather than the form of said titled cross-assignment, that it should have been filed as a separate assignment of error and designated as such. Consequently, hereinafter we shall term Polly Anna Jose as an Appellant in her own right."

The opinion, dated January 17, 1966, made disposition relative to the pending motions before the court for consideration, as follows:

> "The appellants, Oscar A. Jose, Jr., and Polly Anna Jose, may amend their respective assignments of error by adding Lalah E. Brown and American Fletcher National Bank and Trust Company as appellees in their additional capacities of Co-Trustees by removing Lalah E. Brown as an appellee in her individual capacity, and by properly naming the parties, Oscar A. Jose, Jr., and Polly Anna Jose, as appellants. The appellants are hereby granted thirty [30] days from the date of this order to amend their respective assignments of error. . . .
>
> ". . . The appellees' motions to dismiss are denied . . . this appeal as to Lalah E. Brown as an individual is dismissed."

Both appellants in accordance with said opinion filed amended assignments of errors.

---

1. Indiana Decisions (1966) V. 7, p. 385; 140 Ind. App. 581, 212 N. E. 2d 917.

The foregoing opinion of January 17, 1966, was approved by all participating members of this court and is fully approved.

Under the Last Will and Testament of Oscar A. Jose, Sr., the decedent's wife was to receive one-half [½], or a value equal to one-half [½], of all decedent's property of any and every kind and character, except and excluding any corporate stocks owned by decedent on his death, in the Jose-Kuhn Lumber Company and Oscar A. Jose, Inc.

There were further provisions which stated:

"All the rest, residue and remainder of my property of any and every kind and character, real personal and mixed, and wheresoever situate of which I shall die the Owner or of which I shall have power to make testamentary disposition or appointment, including any lapsed legacies, I give, devise and bequeath IN TRUST, unto LALAH E. BROWN, of Indianapolis, Indiana, as INDIVIDUAL TRUSTEE, and OSCAR A. JOSE, INCORPORATED, an Indiana Corporation, of Indianapolis, Indiana, as Corporate Trustee and IN TRUST subject to the uses, terms limitations and conditions, with the powers as hereinafter set forth, . . ."

* * *

". . . In the event of the death, incapacity or resignation of the Individual Trustee, then I appoint OSCAR A. JOSE, INCORPORATED, Corporate Trustee as successor to said Individual Trustee not serving. Such successor trustee shall have all the powers as herein granted to the initial individual Trustee herein named."

The Oscar A. Jose Corporation, realizing the corporation could not serve in a fiduciary capacity, filed a petition to docket the trust, to disclaim and renounce as Corporate Trustee, and for the appointment of a successor Corporate Trustee. The prayer of said petition, filed on April 29, 1963, is as follows:

"WHEREFORE, petitioner prays that this trust be docketed for the purpose of acting upon the matters above set out; that its disclaimer and renunciation be accepted and a successor Corporate Trustee be designated, that this Peti-

tioner be discharged from any and all further liability in the premises; and for such further action and direction as the Court may order."

A supplemental petition to appoint a guardian ad litem was also filed by the corporation on the same date. An order on these petitions was entered on the same day, but on May 1, 1963, the court, on its own motion, amended said order. In the new order, the court set down the entire matter for a hearing on May 27, 1963. On May 10, 1963, the appellant, Oscar A. Jose, Jr., filed a Motion for a Change of Venue from the judge, which motion was sustained and on June 10, 1963, the Honorable Francis M. Hughes was appointed and qualified as Special Judge.

The next day appellant Oscar A. Jose, Jr., filed his objections to the docketing of the trust and also a motion to strike from the files the corporation's petition.

On June 14, 1963, the special judge appointed Oscar A. Jose, Jr., an appellant, as guardian ad litem for Polly Anna Jose, who was a minor.

On July 12, 1963, a special appearance and plea in abatement with a request for a jury trial was filed on behalf of Oscar A. Jose, Jr., as guardian of Polly Anna Jose.

On the same date, Lalah E. Brown, as individual trustee, filed a petition supporting and endorsing the previous actions of Oscar A. Jose, Incorporated, and further asked the court to appoint a successor corporate trustee to serve as co-trustee.

Further, on this same date, Catherine F. Childs filed a petition. She was named an income beneficiary under the trust. She also approved the corporation's petition and requested that a successor corporate trustee be appointed.

Following this, on July 15, 1963, the corporation filed a motion to strike the plea in abatement. Also, on this day, appellant Oscar A. Jose, Jr., filed a supplemental motion to strike appellee's corporation's petition to docket the trust, etc.

Later in the day, the court made in substance the following rulings:

1. Denied the request for a trial by jury.
2. Granted the corporation's motion to strike from the files the plea in abatement.
3. Overruled the oral motion of Oscar A. Jose, Jr., as guardian for Polly Anna Jose, for a continuance of the hearing and for time to file an answer or other pleadings to the corporation's petition of August 29, 1963.
4. Overruled Oscar A. Jose, Jr.'s objections to docketing the trust and motion to strike from the files the petition of the corporation and the supplemental motion to strike petition to docket trust, etc., no evidence being offered.
5. Overruled the oral motion by appellants for time within which to file answers or other pleadings to the petition of Catherine F. Childs, and the petition of Lalah E. Brown as individual trustee.
6. Ruled that the petitions of appellees, Childs and Brown, constitute in substance their consent to the docketing of the trust by the Corporation, the renunciation and disclaimer as Corporate Trustee of the Corporation and to the appointment of a successor Corporate Trustee by this court.
7. Granted the Corporation's petition to docket, disclaim and renounce, and for appointment of a successor Corporate Trustee, appointing the American Fletcher National Bank and Trust Company as successor.

Thereafter the appellant, Oscar A. Jose, Jr., filed his motion for a new trial on July 25, 1963. He also, on that date, filed a motion for a new trial as guardian ad litem of Polly Anna Jose.

In the appellant's amended assignment of errors, he presents seven (7) alleged errors, only one of which is proper under Rule 2-6 of the Rules of the Supreme Court, to wit: "The Court erred in overruling appellants' motion for a new trial."

Said motion, omitting caption and signatures, is as follows:
"Comes now Oscar A. Jose, Jr., a beneficiary of the trust created under the Last Will and Testament of Oscar A. Jose,

deceased, and moves the Court for a new trial herein on each of the following grounds:

1. Irregularity in the proceedings of the Court by which Oscar A. Jose, *Fr.*, was prevented from having a fair trial in this, to wit:

a) The Court erred in refusing to grant Oscar A. Jose, *Fr.*, a continuance of the trial of this cause and for time to file an answer of other pleadings, which continuance was asked for the reason that said cause was not at issue and that this Petitioner desired to file pleadings in this cause and the Court further erred in overruling this Petitioner's motion for such continuance.

b) The Court erred in refusing to grant Oscar A. Jose, Jr. a continuance of the trial of this cause and for time in which to file an answer or other pleadings directed in particular to the 'Petition of Catherine F. Childs' and the 'Petition of Lalah E. Brown, as Individual Trustee' which continuance and request for time was asked for the reason that this Petitioner had no opportunity to file any answer or other pleadings to the 'Petition of Catherine F. Childs' and the 'Petition of Lalah E. Brown as Individual Trustee' and in overruling this Petitioner's motion for such continuance.

c) The Court erred in allowing the 'Petition of Catherine F. Childs' and the 'Petition of Lalah E. Brown as Individual Trustee' to be regarded as consents to the docketing of the trust in this cause and erred in ruling on its own motion that such petitions constituted consents.

d) The Court erred in compelling this Petitioner to go to trial before this cause was at issue, no answer having been filed by this Petitioner.

2. The decision of the court is not sustained by sufficient evidence.

3. The decision of the Court is contrary to law.

4. The decision of the Court is not sustained by sufficient evidence and is contrary to law.

5. Error of law occurring at the trial in this:

a) The court erred in granting the Petition of Oscar A. Jose, Incorporated to Docket Trust, to Disclaim and Renounce as Corporate Trustee and for the Appointment of a Successor Corporate Trustee.

b)   The Court erred in accepting the disclaimer and renenciation of Oscar A. Jose, Incorporated as corporate trustee of the trust created by the Last Will and Testament of Oscar A. Jose, deceased, and in releasing and discharging said Oscar A. Jose, Incorporated, from all duties of corporate trustee of such trust.

c)   The Court erred in appointing the American Fletcher National Bank and Trust Company as Successor Corporate Trustee in the place and stead of Oscar A. Jose, Incorporated.

WHEREAS, Oscar A. Jose, Jr. respectfully moves the Court for a new trial of his cause."

Appellant Polly Anna Jose's Motion for a New Trial, filed by Oscar A. Jose, Jr., as guardian, is the same as Oscar A. Jose's motion in all respects with two additional specifications. They are as follows:

"a)   The Court erred in refusing to grant this Petitioner's request for trial by jury and in overruling such Petitioner's Motion for Trial by jury.

"b)   The Court erred in striking from the files the Plea in Abatement filed by this Petitioner and in sustaining the motion of Oscar A. Jose, Jr., Incorporated to strike from the files such Plea in Abatement."

Appellants' argument is divided into three propositions, the first of which is directed towards specifications 1, 2, 3 and 4 of their amended assignment of errors. The first point appellants raise under this proposition is that the appellee corporation lacked capacity to file the petition with the trial court because of a complete want of fiduciary authority. They assert that a trustee can only petition the court to resign and be discharged from the trust. While this may be true, it is no avail in the case at bar, since it is conceded by all parties involved, that lacking the requisite fiduciary capacity, the corporation could not be a Trustee. This puts the corporation in a position of having been named to a position that the law states he cannot attain.

Unforunately, we have no statutory provisions in Indiana which resolves such a dilemma. Nor can we find any pertinent case law on the subject. Under the circumstances, we think that the corporation acted in a reasonable businesslike manner and in the best interests of the Trust. It could have merely done nothing, and then had the individual Trustee died, the Trust would have had no trustee. Consequently we find no error in this respect.

Appellants' second point charges that the appellee corporation lacked capacity as an interested person to commence this action in the trial court. Again, we are of the opinion this contention lacks substance under the circumstances. In any event, it was the desire of the Individual Trustee, Lalah E. Brown, and also of an income beneficiary, Catherine F. Childs, that this action be commenced as was evidenced by their individual petitions which they filed.

The appellants' second proposition is directed towards alleged errors occurring during the procedural steps culminating at trial. More specifically, the action of the court before the cause was at issue, the court's ruling on the motion for a continuance, and the court's ruling on the plea in abatement.

We can find no error in the trial court's actions. An action of the type we are dealing with in these peculiar circumstances is more in the nature of an ex parte proceeding, rather than adversary. It should be remembered that the court has a duty to protect the Trust res and carry out the desires and wishes of a decedent settlor of the express Trust, and interpret as best it can what the settlor's purposes were in setting up the Trust and the methods employed therewith. Therefore, the court doesn't adjudicate opposing claims of beneficiaries as to who should get what, but instead looks subjectively to the intent of the settlor. In carrying out this function, the court has wide discretion.

In Appellants' final proposition, they contend that there is a complete absence of a Trust res, therefore this action is pre-

mature and improper. We find no error in this regard. The property, although not as yet distributed to the Trustee, consisted of one-half million dollars worth of securities. The Trust, being a Testamentary Trust, came into existence from the decedent's death, or at least from the date of probating the will. Also, the decedent's will expressly permitted his readily identifiable property to be distributed to the Trustee before his estate was finally closed.

Finding no reversible error, we are of the opinion that the judgment should be affirmed.

Judgment affirmed.[2]

Pfaff, P. J., concurs. Carson and Prime, JJ., concur.

---

2. As to the legality of a decision by the Appellate Court sitting in banc when four judges render a decision and four judges are not participating, as in the case at bar, we cite in affirmance thereof Burns' Ann. Ind. Stat. 1966 Cum. Pocket Supp., the discussion under § 4-209, under the heading "Entire Court." Judge Crumpacker, on Petition for Rehearing in the case of *Aetna Securities Co.* v. *Sickels* (1950), 120 Ind App. 300, 312, 90 N. E. 2d 136, wrote: "This principle of statutory construction compels us to construe the term 'Entire Court' as used in § 4-209 to mean all of the six judges comprising the court. If the case is heard by the 'Entire Court' with the terms so construed, the concurrence of four judges is necessary to a decision. If any judge of the 'Entire Court' is disqualified to sit, then § 4-223 is applicable and three judges can render an effective decision. Thus the two statutes are reconcilable and both must stand."

Four judges in the above case joined Judge Crumpacker in denying the Petition For Rehearing, with one judge not participating.

The Supreme Court in *Sickels* v. *Aetna Securities Co.* (1942) 220 Ind. 347, 41 N. E. 2d 947, reversed the Appellate Court in part, and affirmed in part. The question of the decision of the three judges affirming the case in the Appellate Court did not arise nor was it questioned in the decision by the Supreme Court.

On Petition for Rehearing, the Appellate Court in *Riddell Natl. Bank etc.* v. *Englehart, et al* (1953), 123 Ind. App. 517, 105 N. E. 2d 357, again speaking through Judge Crumpacker, at p. 533, saids

"Our attention is called to the fact that in the 51 years this court has been comprised of six judges, this is the first instance in which we have reversed the judgment of a trial court by a decision in which

Cooper, C. J., not participating.

Cook, Faulconer and Smith, JJ., not participating.

NOTE.—Reported in 224 N. E. 2d 693.

only three judges concurred. However, in *Aetna Securities Co.* v. *Sickels* (1950), 120 Ind. App. 300, 88 N. E. 2d 789, 90 N. E. 2d 136, sitting in banc with one judge not participating, we *affirmed* the judgment below by a decision in which three judges concurred and two dissented. On petition to transfer the invalidity of a three judge decision under such circumstances was urged upon the Supreme Court but arguments in support of the contention, almost identical with those made here, were rejected and transfer denied."

The Appellate Court in both cases referred to above which were heard in banc, rendered decisions by three concurring judges when one or more did not participate or dissent. These cases were decided at the time the Appellate Court was composed of six judges.

By analogy we hold that the same underlying principle should apply to the decisions of our Appellate Court now composed of eight judges, when four judges concur in an opinion and one or more do not participate, or less than four judges dissent.