INDIANA CIVIL RIGHTS COMMISSION, Alpha Blackburn as Chairman of the Indiana Civil Rights Commission and Debra Salais, Appellant,

v.

DELAWARE COUNTY CIRCUIT COURT, Appellee.

No. 49S02–9503–CV–347.

Supreme Court of Indiana.

Aug. 6, 1996.

Jacquelyn Thompson, Indiana Civil Rights Commission, Indianapolis, for Appellant.

Jennifer L. Graham, Melissa A. Clark, Price & Barker, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

This cause of action arises from the discharge of Debra Salais from her position as a supervisor at the Delaware County Juvenile Detention Center. We hold that the defendant Delaware Circuit Court, which operates the detention center, failed to preserve its right to judicial review of the Indiana Civil Rights Commission's determination that Salais was improperly discharged.

### Background

Salais was first hired as a part time supervisor at the detention center in May of 1980. She moved to full time status in March of 1982. As a supervisor, Salais was responsible for supervising detainees at the detention center.

Sometime in the early 1980s, Salais was diagnosed with a mental condition known as Bipolar Disorder (also known as "manic-depressive"). Bipolar Disorder is generally characterized by mood swings. Salais's doctors prescribed certain medications to treat her condition, but arriving at the proper dosage for treatment proved difficult.

On October 20, 1983, Salais was involved in an incident of inappropriate behavior toward a detainee. Shortly after the incident, Salais was disrespectful toward the chief probation officer. She also admitted that with respect to the altercation with the detainee, she "had lost it."

At a later meeting, Salais apprised the chief probation officer of her condition. After being given the choice to take a medical leave of absence or to be discharged, Salais took a leave of absence. After a few months of leave, Salais's doctor decided Salais was ready to return to work. The judge of the Delaware Juvenile Court was responsible for making the final decision with regards to Salais. The judge ultimately decided that Salais was to be discharged.

In response to being discharged, Salais filed a complaint with the Muncie Human Rights Commission, which transferred the complaint to the state commission. On June 29, 1987, after reviewing the facts of the case, the commission decided that Salais was wrongfully discharged on the basis of her mental condition. The commission also found that the detention center was not a proper party because it was a part of the juvenile court, but that both Salais and the court were proper parties. Finally, the commission determined that the juvenile court judge was not a proper party because the judge was acting within the scope of the judge's authority when the judge terminated Salais, and therefore was protected under the doctrine of judicial immunity.

The parties initially had ten days from the date of the commission's decision to file their objections to the decision. However, both parties sought an extension of time within which to file the objections, which was granted by the commission, so that the deadline to file their objections was extended to August 24, 1987.[1] On August 21, three days (one business day) before the objections were due, appellee filed another motion to extend the time within which to file the objections. Salais filed her objections on time on August 24.

On August 31, the commission denied appellee's second motion for an extension of time. With respect to this decision, the commission stated:

12. The question posed by Respondent's Second Motion to Enlarge Time was whether said Motion had shown good cause for a second enlargement of time. The only reason asserted in said Motion for an enlargement of time was that the transcript would not be ready.

13. Respondents initially requested a forty-five (45) day extension of time, at least in part for the purpose of obtaining and filing a transcript. This request was granted. Respondents waited, for whatever reason, to order the transcript until about July 31. Then, knowing that completion of the transcript would take about thirty days, they waited until one (1) business day before the deadline to request another enlargement.

14. A party seeking an enlargement of time has the burden of stating in the request sufficient facts to demonstrate that more time is needed for reasons that are not the requesting party's responsibility. Respondents' Second Motion To Enlarge Time did not meet this burden and was properly denied. Explanations in the subsequent Motion to Reconsider and at oral argument were too late.

Despite the commission's decision to deny the extension, appellee filed its objections anyway on September 15, over 20 days past the date that the objections were due. Appellee also filed a motion to reconsider, but the commission again denied it.

---

1. *See Charles A. Beard Classroom Teachers Assoc. v. Board of School Trustees*, 668 N.E.2d 1222 (Ind.1996), resolving a conflict in the opinions of the Court of Appeals over the authority of the state agencies to promulgate administrative rules allowing for extensions of time for filing objections in certain cases.

Appellee then filed a petition for review of the commission's decision in the Marion Superior Court.[2] The trial court reversed the commission's determination that discrimination had occurred, stating that it was arbitrary, capricious, and an abuse of discretion because the appellee had introduced substantial evidence demonstrating that Salais was unable to perform her duties as a supervisor. The trial court did, however, agree with the commission that the juvenile court judge was not a proper party to the litigation because the judge was protected by judicial immunity.[3]

The Court of Appeals affirmed the trial court. *Indiana Civil Rights Commission v. Delaware County Circuit Court,* 642 N.E.2d 541 (Ind.Ct.App.1994). In fact, the Court of Appeals specifically held that the commission's denial of appellee's second motion for an extension of time and motion to reconsider was arbitrary, capricious, and an abuse of discretion. *Id.* at 545.

### *Discussion*

■ Indiana Code § 4–21.5–3–29 (1993) provides that an objection to an order of an administrative law judge must be timely to preserve that objection for judicial review. Ind.Code § 4–21.5–5–4 (1993) similarly provides that a person who fails timely to object to an order waives the right to judicial review. We have recently held that failure to file a timely assignment of errors deprives any subsequent court of jurisdiction and any appeal would have to be dismissed. *Claywell v. Review Board,* 643 N.E.2d 330 (Ind.1994). Therefore, the law is clear: failure to file timely objections leads to waiver of that issue on appeal.

Here, objections were due on August 24. Appellee filed its objections on September 15, over twenty days after they were due. The Court of Appeals overlooked this failure to comply with the deadline because, that court concluded, the commission's ruling denying a

second extension of time to appellee was arbitrary, capricious, and an abuse of discretion. 642 N.E.2d at 545.

■ The standard of review of an administrative agency decision is narrow. *Board of Trustees of Knox County v. Sullivan,* 965 F.2d 558, 564 (7th Cir.1992), *cert. denied,* 506 U.S. 1078, 113 S.Ct. 1043, 122 L.Ed.2d 353 (1993). An agency decision may be reversed by an appellate court only where it is purely arbitrary, or an error of law has been made. *Indiana State Bd. of Public Welfare v. Tioga Pines Living Center, Inc.,* 622 N.E.2d 935, 939 (Ind.1993), *cert. denied,* 510 U.S. 1195, 114 S.Ct. 1302, 127 L.Ed.2d 654 (1994). *See also* Ind.Code § 4–21.5–5–14(d) (1993). An action of an administrative agency is arbitrary and capricious only where there is no reasonable basis for the action. *Natural Resources Comm'n v. Sugar Creek Mobile Estates,* 646 N.E.2d 61, 64 (Ind.Ct. App.1995), *trans. denied.*

■ We conclude that the commission's denial of granting a second extension was reasonable. The commission based its decision to deny appellee its second motion for an extension of time on several factors, including: (i) that appellee had already obtained a 45 day extension before seeking its second extension of time; (ii) that appellee initially requested the extension of time for the purpose of obtaining a transcript, but then did not order the transcript until July 31; and (iii) that appellee, knowing that the transcript would take at least thirty days, waited nearly twenty days (three days, or one business day, before the deadline) to file its second motion for an extension of time. In addition, the commission further reasoned that although appellee eventually explained, in its motion to reconsider the denial of the second motion to grant an extension of time, that it delayed in ordering the transcript because certain approval was required before ordering it, this information was offered too late. Appellee

---

**2.** Under more recent law, a party appealing a decision of the Commission may appeal directly to the Court of Appeals. *See* Ind.Code § 22–9–8–1 (1995 Supp.).

**3.** As the Court of Appeals noted in its opinion, the decision to dismiss Salais's complaint against

the juvenile court judge was not challenged, so the judge is not a party to the appeal. *Indiana Civil Rights Commission v. Delaware County Circuit Court,* 642 N.E.2d 541, 541 n. 1 (Ind.Ct.App. 1994). We agree, and therefore find no need to address the issue of judicial immunity.

did not offer any explanation as to why it waited to order the transcript in it its second motion for an extension of time, but only first offered an explanation in its motion to reconsider, filed on September 15. By the time appellee finally offered this explanation in its motion to reconsider, the deadline for the already once extended due date long had passed, and oral argument was only two days away. Under these circumstances, we cannot say that the commission acted arbitrarily in denying appellee's second motion for an extension of time.

In light of our deference toward administrative decisions and our conclusion that the commission's decision here was reasonable, we hold that the Court of Appeals erred in reversing the commission's decision to deny appellee's second motion for an extension of time. Because of this, appellee failed to file timely its objections, and under the relevant law as discussed above, waived its right to review of the commission's decision. Therefore, the commission's findings and conclusions stand.

### Conclusion

Therefore, we (i) grant transfer, (ii) vacate the judgment and opinion of the Court of Appeals, Ind.Appellate Rule 11(B)(3); (iii) reverse the decision of the trial court, and (iv) affirm the October 16, 1987, Findings of Fact, Conclusions of Law, and Order of the Indiana Civil Rights Commission.

DeBRULER and SELBY, JJ., concur.

SHEPARD, C.J., concurs in result with separate opinion in which DICKSON, J., concurs.

SHEPARD, Chief Justice, concurring in result.

Had the Delaware Circuit Court's petition for review been timely, I would have voted to uphold its position on the merits. Even after regular treatment for her bi-polar disorder, Debra Salais so physically assaulted a young detainee that her actions led to an apparent suicide attempt. Confronted with this danger to Hoosier children under the court's protection, Judge Caldemeyer correctly chose to place their safety ahead of Salais'

desire to hold on to her job. I regret that the Indiana Civil Rights Commission has opted to make the opposite choice.

DICKSON, J., joins.