**Thomas BREITWEISER and L. Jae Breitweiser, Appellant (Defendant below),**

v.

**Indiana OFFICE OF ENVIRONMENTAL ADJUDICATION, Chief Environmental LAW Judge Wayne E. Penrod, and David Ferguson, Appellees (Plaintiff below).**

No. 49S04–0303–CV–00115.

Supreme Court of Indiana.

June 22, 2004.

E. Scott Treadway, Tabbert, Hahn, Earnest & Weddle LLP, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, David. L. Steiner, Deputy Attorney General, George T. Patton, Jr., Daniel McInerny; Melinda Shapiro, Bose McKinney & Evans, Indianapolis, IN, Attorneys for Appellees.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 49A04–0111–CV–505.

SHEPARD, Chief Justice.

The Breitweisers filed a petition with the Indiana Department of Environmental Management (IDEM) to halt an animal feeding operation. The petition was initially handled by an administrative law judge, whom the Breitweisers moved to disqualify. She recused, and the chief ALJ assumed responsibility for the case. He refused the Breitweiser's request that he also disqualify and entered a default judgment against them.

█ The question before us is: does a petitioner's motion to disqualify an ALJ at IDEM relieve that party of the statutory necessity under the Administrative Orders and Procedures Act to respond to a possible default? We say no.

### Facts and Procedural History

IDEM issued David Ferguson a permit to operate a swine CAFO, an industrial farming operation where substantial amounts of animals are kept in small pens that are housed in larger buildings. Thomas and L. Jae Breitweiser subsequently filed a petition for administrative review and for stay with the Office of Environmental Adjudication (OEA). Environmental Law Judge (ELJ) Linda Lasley conducted the proceedings. The Breitweisers later requested that Lasley disqualify herself. They argued that Lasley did not meet the requirements of

Indiana Code § 4–21.5–7–6(a)(2) because IDEM previously employed her, and she had not been practicing environmental or administrative law for five years.[1] Lasley refused and was later affirmed by Chief Environmental Law Judge Wayne Penrod on May 10, 1999.

Lasley subsequently disqualified herself from continued participation in the interest of efficient case administration, and Chief ELJ Penrod presided over the case. On May 19, 1999, the Breitweisers moved to disqualify Judge Penrod and to vacate Lasley's prior rulings. On May 26th, Judge Penrod issued a Notice of Proposed Order of Default, noting that the Breitweisers did not file discovery responses or responses to a pending motion for summary judgment by the designated deadline. The Breitweisers did not file a direct written response to this notice as permitted by Indiana Code Annotated § 4–21.5–3–24.

Instead, on June 2, 1999, the day before an IDEM hearing on the proposed default order, the Breitweisers filed a Verified Complaint for Writ of Mandate, for Temporary Restraining Order and for Preliminary and Permanent Injunction in Marion Superior Court. On June 15, 1999, the court entered the following dismissal order:

Defendants ... agree to rule upon all pending motions in the underlying administrative matter. Defendants further agree to stipulate that Chief Environmental Law Judge Penrod will rule

---

1. Under the Administrative Orders and Procedures Act, an environmental law judge hired after July 1, 1995, who has ultimate authority under Indiana Code § 4–21.5–7–5 must:
   (2) have at least five (5) years of experience practicing administrative or environmental law in Indiana, and (3) be independent of the department of environmental management

Ind.Code. Ann. § 4–21.5–7–6(a)(2) & (3). Ultimate Authority is a term defined by AOPA as an individual or panel of individuals in whom the final authority of an agency is vested by law or executive order. Ind.Code Ann. § 4–21.5–1–15.

on Plaintiffs' Motion to Disqualify Chief Administrative Law Judge Penrod and Motion for change of Administrative Law Judge filed May 19, 1999, prior to ruling upon other pending motions. Defendants further agree that Chief Environmental Law Judge Penrod will rule upon Plaintiffs' Motion to Vacate All Prior Rulings of Administrative Law Judge Lasley filed May 19, 1999.

(Appellant's App. at 306–07.) Two days after this ruling, Judge Penrod entered three orders; he denied the Breitweisers' motion for his disqualification, denied the motion to vacate Lasley's rulings, and found that the Breitweisers were in default for failure to respond to discovery requests or the proposed order of default.

The Breitweisers subsequently filed a petition for judicial review of Judge Penrod's ruling, in Marion Superior Court. Judge Gerald Zore denied a motion to dismiss this petition and a parallel motion for partial summary judgment. The case was later transferred to Judge Michael Keele, who presided over a division of the Marion Superior Court specializing in environmental matters. Judge Keele held that the court lacked jurisdiction over the matter because the Breitweisers were in default; he entered an order dismissing the Breitweisers' complaint.

The Breitweisers appealed, and the Court of Appeals held that Judge Penrod improperly denied the disqualification motion and that the Breitweisers were entitled to judicial review on the merits of their claim. *Breitweiser v. Indiana Office of Environmental Adjudication*, 775 N.E.2d 1175 (Ind.Ct.App.2002). The OEA and Judge Penrod petitioned for transfer, which we granted. Ind. Appellate Rule 58.

## Notice of Default

■ Under the AOPA, the scope of a court's judicial review is limited to a consideration of (1) whether there is substantial evidence to support the agency's finding and order and (2) whether the action constitutes an abuse of discretion or is arbitrary or capricious. Ind.Code Ann. § 4–21.5–5–14; *Rynerson v. City of Franklin*, 669 N.E.2d 964, 971 (Ind.1996). An action of an administrative agency is arbitrary and capricious only where there is no reasonable basis for the action. *Indiana Civil Rights Comm'n v. Delaware County Circuit Court*, 668 N.E.2d 1219 (Ind.1996).

■ An appellate court may reverse an agency decision only where it is purely arbitrary or an error of law has been made. *Indiana State Bd. of Public Welfare v. Tioga Pines Living Center, Inc.*, 622 N.E.2d 935, 939 (Ind.1993), *cert. denied*, 510 U.S. 1195, 114 S.Ct. 1302, 127 L.Ed.2d 654 (1994); *see also* Ind.Code Ann. § 4–21.5–5–14(d) (2002).

■ The Breitweisers argue that default was improper because they were not compelled to file a response to the proposed notice of default.[2] They rely on Indiana Code Ann. § 4–21.5–3–24(b), which states that within seven days, a

---

**2.** A default occurs when a party fails to appear in response to process or, having appeared, fails to obey a rule to answer and thereby confesses the allegations of the pleading. Judgment is then rendered without the trial of any issue of law or fact. Obviously where an issue of fact is pending between the parties there can be no judgment on default even though the defendant is absent at the time fixed for trial. Under such circumstances however the court may proceed to hear the plaintiff's evidence in the same manner as though the defendant were present and, if a prima facie case is established, may render appropriate judgment.
*Pinkston v. Livingston*, 554 N.E.2d 1173, 1176 (Ind.Ct.App.1990) (quoting *Aetna Sec. Co. v. Sickels*, 120 Ind.App. 300, 308, 88 N.E.2d 789, 792–93 (1949) (internal citations omitted)).

party may file a written motion against the proposed notice of default. While the Breitweisers were not obligated to respond to the proposed notice of default, they are not saved from the consequences associated with their decision not to respond. It is apparent that the legislature had foreseen that a person may not wish to respond, for it has declared that if a party has failed to file a written motion under subsection (b), the administrative law judge *shall* issue the default or dismissal order. Ind.Code Ann. § 4–21.5–3–24(c) (2002).

We have customarily regarded shall as imposing a mandatory obligation. *See Indiana Civil Rights Comm'n v. Indianapolis Newspapers,* 716 N.E.2d 943, 947 (Ind.1999) It was well within the Breitweiser's right to decide not to reply to the proposed notice of default, as they suggest. Judge Penrod, on the other hand, was compelled by statute to issue a default ruling against the Breitweisers when they did not submit a response to the proposed notice of default within seven days.

The legislature has also said that a person has waived (his) right to judicial review when he fails to follow the default guidelines provided under Indiana Code Annotated § 4–21.5. Ind.Code Ann. § 4–21.5–5–4(b) (Michie 2002). We have earlier observed the effect of this provision:

Indiana Code § 4–21.5–3–29 provides that an objection to an order of an administrative law judge must be timely to preserve that objection for judicial review. Indiana Code § 4–21.5–5–4 similarly provides that a person who fails timely to object to an order waives the right to judicial review. We have recently held that failure to file a timely assignment of errors deprives any subsequent court of jurisdiction and any appeal would have to be dismissed. *Claywell v. Review Board,* 643 N.E.2d 330 (Ind.1994). Therefore, the law is

clear: failure to file timely objections leads to waiver of that issue on appeal. *Indiana Civil Rights Comm'n v. Delaware County Circuit Court,* 668 N.E.2d 1219 (Ind.1996).

So what could the Breitweisers have done? The Breitweisers had the option to respond to the notice of default while they continued to pursue disqualification of Judge Penrod. Had they succeeded on judicial review, we expect the earlier administrative rulings would have been set aside. Because they elected not to respond as AOPA permits, AOPA specifies the consequences.

## Conclusion

We affirm the trial court's decision.

SULLIVAN, and BOEHM, JJ., concur.

DICKSON, J., dissents with separate opinion in which RUCKER, J., concurs.

DICKSON, Justice, dissenting.

The majority relies upon the Breitweisers' failure to timely respond to the proposed notice of default. The Breitweisers point out, however, that they *did* respond within the time allowed. They filed a verified complaint for writ of mandate, for temporary restraining order, and for preliminary and permanent injunction against the OEA and Judge Penrod, which clearly asserted their claim that Judge Penrod should be disqualified and "could not properly make any decisions in the case let alone an entry of default." Br. of Appellants at 28.

Particularly significant is the fact that it was only after the Breitweisers filed motions to disqualify Judge Penrod and to vacate his orders, and for an expedited ruling on such motions, that the judge immediately entered his notice of proposed default against them. Judge Penrod's May 26, 1999, notice of proposed order of default recited as its basis the Breitweisers' failure to file discovery responses due

May 21, seven days earlier, and their failure to respond to a motion to quash or modify a subpoena duces tecum, and to a motion to dismiss or for summary judgment, both of which responses were due on May 21, five days before the judge's notice of proposed order of default.[3] The judge's issuance of the order suggests the possibility that it was motivated by vindictive retaliation.

Recognizing the importance of a neutral, unbiased adjudicatory decisionmaker as a core requirement of fair adjudicatory decision-making, the Court of Appeals concluded that the Breitweisers were entitled to judicial review on the merits of their claim that Judge Penrod improperly denied the disqualification motion. *Breitweiser v. Indiana Office of Environmental Adjudication,* 775 N.E.2d 1175, 1182 (Ind.Ct.App. 2002). I agree.

RUCKER, J., concurs.

---

**3.** Indiana Code § 4–21.5–3–24(a) authorizes a notice of proposed order of default only when a party fails to (1) file a "responsive pleading" required by statute or rule; (2) participate in a "pre-hearing conference, hearing or other stage of the proceeding;" or (3) "take action on a matter" for sixty days. None of the stated reasons for trial court action constituted a failure to file a responsive pleading or satisfies any of the other bases for the notice under the statute.