**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**DAVID E. BAILEY**
Eilbacher Fletcher, LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**MICHAEL C. HEALY**
Staff Counsel
Indiana Civil Rights Commission
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

OMERT'A LLC, DINO ZURZOLO d/b/a )
SHANGRI-LA EAST, and WHOLESALERS, )
INC. d/b/a SHANGRI-LA SHOW CLUB, )
                                  )
       Appellants-Respondents, )
                                    )
            vs. )      No. 93A02-1309-EX-812
                                    )
PHILLIP GRAY, )
                                    )
       Appellee-Complainant. )

APPEAL FROM THE INDIANA CIVIL RIGHTS COMMISSION
The Honorable Noell F. Allen, Administrative Law Judge
Cause No. EMha10030126

June 18, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

The Indiana Civil Rights Commission ("ICRC") entered an order against Shangri-La, Omert'a LLC, Dino Zurzolo d/b/a Shangri-La East, and Wholesalers, Inc. d/b/a Shangri-La Show Club (collectively "Respondents") as an establishment that operates a night club in Fort Wayne, Indiana, directing payment of money to the complainant Phillip Gray and ordering certain other actions by the Respondents. Shangri-La has not appealed from the order of the ICRC. The Appellants are Omert'a LLC, Dino Zurzolo d/b/a Shangri-La East, and Wholesalers, Inc. d/b/a Shangri-La Show Club.

We affirm.

ISSUE

Appellants present one issue for our review, which we restate as: whether the ICRC erred in entering its final order against them even though they were not named parties at the time Shangri-La was defaulted and at the time a hearing was held on damages and other relief.

FACTS AND PROCEDURAL HISTORY

This cause was initiated on March 19, 2010, when Phillip Gray filed a complaint with the ICRC against Shangri-La for gender and disability discrimination. On March 7, 2011, the ALJ held a conference call with the parties in which Dino Zurzolo ("Zurzolo") participated as the representative of Shangri-La. Zurzolo also participated in an initial pre-hearing conference with Gray's counsel and the ALJ on May 2, 2011.

Several months later on November 16, 2011, Gray filed a motion to compel discovery for insufficient answers to interrogatories and a failure to respond to a request

for production by Shangri-La, and on November 30, 2011, the ALJ issued an order compelling discovery.

A few days later on December 9, 2011, the ALJ held a conference call in which Gray's counsel and Zurzolo participated. At that time, a status conference was set for January 9, 2012. On January 9, 2012, a status conference was held by phone but Zurzolo did not participate. The ALJ's order from the status conference states: "Dino Zurzulo [sic] ("Zurzulo" [sic]), Shangri La's proprietor, who had participated in scheduling the Status Conference, was nonetheless not available and his voice mail message said that he might see a voice mail in 2 or 3 days and that the caller should send him a text. The ALJ left a message that he (the ALJ) does not do texts and that Zurzulo [sic] should call the ALJ." Record Tab V.

The following day Gray filed an application for order by default based upon Shangri-La's failure to appear for the status conference and its failure to respond to discovery in spite of an existing order to compel issued by the ALJ. Gray's application for default order was served upon Shangri-La at 2440 W. Jefferson Boulevard, Fort Wayne, Indiana and 1002 N. Coliseum Boulevard, Fort Wayne, Indiana. These addresses had previously been provided by Zurzolo in his responses to interrogatories. *See* Record Tab Y, Ex. C, Interrogatory No. 6. On February 1, 2012, the ALJ issued a notice of proposed default order noting that Shangri-La had not responded to Gray's application for default order, had not complied with the order compelling discovery, and had not yet returned the ALJ's voicemail from the status conference on January 9. The ALJ further noted that

3

default was appropriate under Indiana Code section 4-21.5-3-24(a)(2) (1986)[1], informed Shangri-La that it may file a written motion pursuant to Indiana Code section 4-21.5-3-24(b)[2], and informed Shangri-La of the consequences of filing or not filing such a motion as set forth in Indiana Code section 4-21.5-3-24(c).[3] The ALJ's proposed order also warned Shangri-La that if the default order was entered, the ALJ planned to set the matter for a hearing on damages, the consequences of a default would include that the allegations of the complaint would be deemed admitted, and further proceedings would be conducted without the participation of Shangri-La. *See* Ind. Code § 4-21.5-3-24(d).[4] The notice of proposed default order was served on Shangri-La at both the West Jefferson Boulevard and the North Coliseum Boulevard addresses in Fort Wayne.

On February 27, 2012, the ALJ issued its order by default and notice of hearing on damages, noting that Shangri-La had not filed a written motion as allowed by Indiana Code section 4-21.5-3-24(b) and setting a damages hearing for March 21, 2012. Like the previous notices, this order was sent to Shangri-La at both addresses in Fort Wayne. The damages hearing was held on March 21, 2012, and Shangri-La did not appear.

---

[1] Indiana Code section 4-21.5-3-24(a)(2) provides that at any stage of a proceeding, if a party fails to attend or participate in a prehearing conference, hearing, or other stage of the proceeding the ALJ may serve upon all parties written notice of a proposed default order.

[2] This statute allows for a party, within seven days after service of a proposed default order, to file a written motion requesting that the proposed default order not be imposed and stating the grounds relied upon. Ind. Code § 4-21.5-3-24(b).

[3] Indiana Code section 4-21.5-3-24(c) states that if a party fails to file a written motion under subsection (b) of this statute, the ALJ shall issue the default order. If the party files a written motion, the ALJ may either enter the order or refuse to enter the order.

[4] Subsection (d) of Indiana Code section 4-21.5-3-24 provides that after issuing a default order, the ALJ shall conduct any further proceedings necessary to complete the proceeding without the participation of the party in default and shall determine all issues in the adjudication.

4

On April 24, 2012, Gray filed his petition for leave to amend his complaint to add as additional respondents Omert'a LLC, Wholesalers, Inc. d/b/a Shangri-La Show Club, and Dino Zurzolo d/b/a Shangri-La East. Notice of Gray's petition was sent to all Respondents at either the West Jefferson Boulevard or the North Coliseum Boulevard addresses, or both, in Fort Wayne. In his petition, Gray alleged that "each of these entities are closely connected with [Shangri-La] and are part of its business." Appellants' App. p. 31. The ALJ issued an order granting Gray leave to amend his complaint on May 15, 2012 and noted there had been no response filed by any of the Respondents to Gray's petition to amend. As before, notice was sent to all the Respondents at the two Fort Wayne addresses.

On May 25, 2012, attorney Randall Stiles entered his appearance solely for Shangri-La and only for the limited purpose of setting aside the default order. Following Stiles' appearance, nothing was filed in this cause for over five months until Gray filed his request for a dispositive order on November 2, 2012.

Thereafter, on November 26, 2012, Gray filed the amendment to his complaint and sent copies of the amendment and the original complaint to all the Respondents at the two Fort Wayne addresses and to Stiles. On December 4, 2012, more than nine months after the default order was entered and more than six months after the first notice of Gray's request to amend his complaint, Stiles filed his appearance on behalf of all the Respondents and a motion entitled "Response to Request for Ruling and Motion to Set Aside Default Judgment." On December 21, 2012, Gray filed a motion in opposition to Respondents' motion.

5

On July 3, 2013, the ALJ denied Respondents' motion to set aside the default order, and on August 2, 2013, the ALJ issued proposed findings of fact and conclusions of law and served them upon all the parties.

Meanwhile, on August 12, 2013, more than thirty days after the ALJ's denial of Respondents' motion to set aside the default order, Respondents filed a motion to reconsider their motion to set aside the default order. In their motion to reconsider, Respondents claimed for the first time that Zurzolo "never received notice or any of the relevant information regarding this matter," that there are meritorious defenses, and that default judgments are not favored.

Noting that no objections had been filed to the ALJ's proposed findings of fact and conclusions of law issued to the parties on August 2, 2013, the ICRC, on August 23, 2013, adopted the ALJ's findings and conclusions determining that Respondents engaged in unlawful discriminatory practice and awarding Gray damages in the amount of $134,856.80. Finally, on August 26, 2013, the ALJ denied Respondents' motion to reconsider their motion to set aside the default order.

The Appellants now appeal the ICRC's determination.

### DISCUSSION AND DECISION

Appellants contend that entry of the order against them by the ICRC violates their rights because they were not parties to the proceedings at the time the default order, upon which the damages order is based, was entered.

The Administrative Orders and Procedures Act provides the standard for judicial review of an administrative decision. The reviewing court shall grant relief only if it

6

determines that a person seeking judicial relief has been prejudiced by an agency action that is:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) contrary to constitutional right, power, privilege, or immunity;
>
> (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> (4) without observance of procedure required by law; or
>
> (5) unsupported by substantial evidence.

Ind. Code § 4-21.5-5-14(d) (1987); *P'Pool v. Ind. Horse Racing Comm'n*, 916 N.E.2d 668, 674 (Ind. Ct. App. 2009). "An administrative decision is arbitrary and capricious only when it is willful and unreasonable, without consideration or in disregard of the facts and circumstances of the case, or without some basis which could lead a reasonable person to the same conclusion." *P'Pool*, 916 N.E.2d at 674.

The party challenging an agency decision bears the burden of demonstrating its invalidity. Ind. Code § 4-21.5-5-14(a). When examining an administrative agency's decision, the reviewing court may not reweigh the evidence or reassess witness credibility. *P'Pool*, 916 N.E.2d at 674. Rather, we must accept the facts as found by the agency factfinder, and, in light of an administrative agency's expertise in its given area, we give deference to the agency's interpretation of the statutes and rules it is charged with enforcing. *Id.*

We begin by noting that although Appellants had several opportunities and many months in which to do so, they filed nothing in response to Gray's petition for leave to

amend complaint, the ALJ's order granting Gray leave to amend his complaint, or the amended complaint that added them as parties to this action. All three of these filings were sent to both of the Fort Wayne addresses Shangri-La provided in its discovery responses. A party who neglects to avail itself of a valid objection to a proceeding and stands by or participates therein until an adverse result is reached must bear the consequences. *Simon Prop. Grp., L.P. v. Mich. Sporting Goods Distribs., Inc.*, 837 N.E.2d 1058, 1069 (Ind. Ct. App. 2005), *trans. denied*.

Having said that, further analysis turns on Indiana Code section 4-21.5-3-29(d) (1986) which provides:

> To preserve an objection to an order of an administrative law judge for judicial review, a party must not be in default under this chapter and must object to the order in a writing that:
>
> > (1) identifies the basis of the objection with reasonable particularity; and
>
> > (2) is filed with the ultimate authority responsible for reviewing the order within fifteen (15) days (or any longer period set by statute) after the order is served on the petitioner.

For this initial portion of our discussion, we assume the accuracy of Appellants' argument on appeal that they are separate and distinct entities from the original respondent Shangri-La. As such, the default order entered against Shangri-La on February 27, 2012, would not apply to Omert'a LLC, Dino Zurzolo d/b/a Shangri-La East, and Wholesalers, Inc. d/b/a/ Shangri-La Show Club because they had not yet been added as parties. Accordingly, and regardless of any other objections they could have filed when they were added as respondents on November 26, 2012, Omert'a LLC, Dino Zurzolo d/b/a Shangri-

8

La East, and Wholesalers, Inc. d/b/a/ Shangri-La Show Club were required to file with the ICRC a written objection within 15 days after service of the order (i.e., the ALJ's proposed findings of fact and conclusions of law) to preserve that objection for judicial review pursuant to Indiana Code section 4-21.5-3-29(d). No such objection was filed by Appellants.

On August 12, 2013, Respondents filed a motion to reconsider motion to set aside default order. Respondents had previously filed a motion to set aside default order on December 4, 2012, which the ALJ denied on July 3, 2013. Although the motion to reconsider was filed within 15 days after service of the ALJ's proposed findings of fact and conclusions of law, it is not an objection pursuant to Indiana Code section 4-21.5-3-29(d). Rather, it is a request that the ALJ reconsider a prior ruling. Moreover, the motion to reconsider was filed not only on behalf of Shangri-La but on behalf of Appellants as well and effectively stated that all Respondents considered themselves to be in default. This contradicts Appellants' argument on appeal that the default order did not apply to them. Therefore, assuming Appellants are distinct entities from Shangri-La, their argument fails because they failed to file an objection to the ALJ's proposed findings of fact and conclusions of law as required by Indiana Code section 4-21.5-3-29(d). *See Ind. Civil Rights Comm'n v. Delaware Cnty. Circuit Court*, 668 N.E.2d 1219, 1221 (Ind. 1996) (noting that Indiana Code section 4-21.5-3-29 provides that an objection to an order of an administrative law judge must be timely to preserve that objection for judicial review and holding that failure to file a timely objection leads to waiver of the issue on appeal).

9

On the other hand, if the Appellants and Shangri-La are effectively the same entity, they were all in default at the time the ALJ issued the proposed findings of fact and conclusions of law such that Appellants had no right to object under Indiana Code section 4-21.5-3-29(d) ("To preserve an objection to an order of an administrative law judge for judicial review, a party must not be in default . . . ."). Although Appellants claim they are distinct from Shangri-La, the record supports a contrary conclusion.

To his motion to compel discovery filed on November 16, 2011, Gray attached Shangri-La's answers to interrogatories. Interrogatory No. 5 requested identification of all witnesses Shangri-La intended to call at the hearing, and the response given was: "Dino Zurzolo I'm the only one who hires bar staff." Record Tab Y, Ex. C. In addition, Interrogatory No. 6 requested the names and addresses for any business establishments having the name "Shangri La" in which Dino Zurzolo had any interest. The response given was: "2440 W. Jefferson Blvd 46802" and "1002 N. Colusiem [sic] Blvd. Ft. Wayne, IN." *Id.* Finally, Interrogatory No. 7 requested the identification of all persons who had ever had any interest in any of the following entities: (a) Shangri-La West, (b) Shangri-La East, (c) Shangri-La, (d) Shangri-La Showclub, and (e) Wholesalers, Inc. The response given was simply, "Dino Zurzolo." *Id.*

In addition, Gray attached to his petition for leave to amend complaint filed on April 24, 2012, a copy of the result of his search on the Indiana Secretary of State's web page showing that Omert'a LLC conducts business at 2440 West Jefferson Boulevard in Fort Wayne and that its registered agent is Dino Zurzolo. Gray also attached copies of the results of his search on the Indiana Alcohol and Tobacco Commission's website showing

permits issued for Dino Zurzolo as owner and doing business as Shangri-La East with an address of 1002 North Coliseum in Fort Wayne as well as for Wholesalers, Inc. as owner doing business as Shangri-La Show Club with an address of 2440 West Jefferson Boulevard in Fort Wayne.

Moreover, on December 4, 2012, Respondents filed their motion to set aside default order. We first note that the motion was filed on behalf of all the Respondents and not solely on behalf of Shangri-La, thereby acknowledging that the default order was applicable to all the Respondents and not solely Shangri-La. Further, paragraph 1 of Respondents' motion to set aside default order states, "Respondents are *effectively collectively* a show club located in Fort Wayne, IN." Record Tab J (emphasis added).

Thus, based upon the evidence of ownership and addresses provided by interrogatory responses and state licensing agencies as well as admission by the party, Appellants and Shangri-La are effectively one and the same such that the ALJ's order of default applied to each of them. Once the order of default was entered, Respondents had no right to object to the ALJ's proposed findings and conclusions under Indiana Code section 4-21.5-3-29(d), and the process could proceed without Respondents pursuant to Indiana Code section 4-21.5-3-24(d). Appellants did not meet their burden of demonstrating the invalidity of the agency decision. *See* Ind. Code § 4-21.5-5-14(a).

## CONCLUSION

For the reasons stated, we conclude that Appellants failed to establish the invalidity of the decision of the ICRC.

Affirmed.

11

MATHIAS, J., and BRADFORD, J., concur.